PEOPLE *v.* HAMPTON

1. Cʀɪᴍɪɴᴀʟ Lᴀᴡ—Cᴏᴍᴘᴇᴛᴇɴᴄʏ ꜰᴏʀ Tʀɪᴀʟ—Iɴsᴀɴɪᴛʏ—Sᴇᴘᴀʀᴀᴛᴇ
Hᴇᴀʀɪɴɢ—Nᴇᴄᴇssɪᴛʏ.

Separate hearings to determine criminal defendant's competency
to stand trial and his sanity are not required when he does
not request separate hearings.

2. Cʀɪᴍɪɴᴀʟ Lᴀᴡ—Iɴsᴀɴɪᴛʏ—Jᴜʀʏ Iɴsᴛʀᴜᴄᴛɪᴏɴ.

A jury instruction which embodies the test for legal insanity
followed by Michigan courts in criminal cases is proper; there-
·fore a trial court does not err in refusing to give an instruction
regarding the test for legal insanity enunciated in a Federal
court decision.

3. Cʀɪᴍɪɴᴀʟ Lᴀᴡ—Iɴsᴀɴɪᴛʏ—Nᴏᴛ Gᴜɪʟᴛʏ Vᴇʀᴅɪᴄᴛ—Dɪsᴘᴏsɪᴛɪᴏɴ ᴏꜰ
Dᴇꜰᴇɴᴅᴀɴᴛ—Jᴜʀʏ Iɴsᴛʀᴜᴄᴛɪᴏɴ.

Criminal defendant whose defense of insanity is made sub-
missible by the proofs, is entitled upon his own timely
request, or upon request of the jury, to an instruction inform-
ing the jury of his disposition if he is found not guilty by
reason of insanity and this rule is applicable not only to all
criminal trials or retrials taking place after the filing date
of the opinion in which it was announced, December 2, 1969,
but also to those cases which, although tried before that date,
have properly preserved that issue for appeal.

4. Aᴘᴘᴇᴀʟ ᴀɴᴅ Eʀʀᴏʀ—Cʀɪᴍɪɴᴀʟ Lᴀᴡ—Jᴜʀʏ Iɴsᴛʀᴜᴄᴛɪᴏɴs—Iɴᴛᴏx-
ɪᴄᴀᴛɪᴏɴ—Nᴇɢᴀᴛɪᴏɴ ᴏꜰ Iɴᴛᴇɴᴛ—Fᴀɪʟᴜʀᴇ ᴛᴏ Oʙᴊᴇᴄᴛ.

Whether a trial judge has an affirmative duty to give a correct
instruction on intoxication as a defense to a specific intent
crime even though a defendant does not object to the intoxi-

---

Rᴇꜰᴇʀᴇɴᴄᴇs ꜰᴏʀ Pᴏɪɴᴛs ɪɴ Hᴇᴀᴅɴᴏᴛᴇs
[1] 21 Am Jur 2d, Criminal Law § 62 *et seq.*
[2–4] 53 Am Jur, Trial §§ 661, 662.

cation instruction which was given, will not be considered by the Court of Appeals where a defendant's conviction of a specific intent crime is reversed on other grounds and his case is remanded for a new trial.

Appeal from Genesee, Donn D. Parker, J. Submitted Division 2 March 6, 1969, at Lansing. (Docket No. 3,799.) Decided April 24, 1970. Leave to appeal granted June 22, 1970. 383 Mich.

Van Leroy Hampton was convicted of assault with intent to commit murder. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald E. Kuebler,* Assistant Prosecuting Attorney, for the people.

*John F. Sopt,* for defendant on appeal.

Before: J. H. GILLIS, P. J., and LEVIN and BRONSON, JJ.

BRONSON, J. Defendant, Van Leroy Hampton, was charged with the crime of assault with intent to commit murder.[1] After a plea of not guilty was entered at his arraignment, defendant filed notice of his intention to claim insanity as a defense. The jury returned a verdict of guilty and defendant was sentenced to 7-1/2 to 20 years. Defendant appeals, alleging there was insufficient evidence to sustain a finding of sanity beyond a reasonable doubt. Defendant also claims the court erred by:

a) failing to conduct a separate hearing to determine whether defendant was competent to stand trial;

---

[1] CL 1948, § 750.83 (Stat Ann 1962 Rev § 28.278).

b) failing to conduct separate trials on the issues of guilt and insanity;

c) refusing to give instructions regarding insanity based upon *Durham* v. *United States* (1954) 94 App DC 228 (214 F2d 862, 45 ALR2d 1430);

d) instructing the jurors they were only to be concerned with defendant's guilt or insanity and not with any punishment or disposition of the defendant;

e) failing to instruct that intoxication may negate the element of intent essential to the conviction of assault with intent to murder.

The court did not err in failing to conduct separate hearings regarding the accused's competency to stand trial and his insanity; furthermore, no such requests were made at trial. The trial court properly instructed the jurors regarding legal insanity pursuant to *People* v. *Durfee* (1886), 62 Mich 487.

Defendant requested that the trial court inform the jury of the disposition of the defendant were he to be found not guilty by reason of insanity. The trial court refused to do so and specifically informed the jurors they were not to concern themselves with the disposition of the defendant and were only to be concerned with his guilt or insanity. Defendant asserts it was error to refuse his requested instruction to the jury, citing *Lyles* v. *United States* (1957), 103 App DC 22 (254 F2d 725).

In the recent Michigan Supreme Court decision of *People* v. *Cole* (1969), 382 Mich 695, 720, 721, Justice T. M. Kavanagh stated:[2]

"This appeal makes it mandatory that this Court choose between: (1) the possible miscarriage of justice by imprisoning a defendant who should be hospitalized, due to refusal to so advise the jury; and (2) the possible 'invitation to the jury' to forget

---

[2] Four Supreme Court Justices held for the *Lyles* rule in *People* v. *Cole*, possibly five with the addition of Justice Thomas Giles Kavanagh, who dissented in our Court in *Cole*.

their oath to render a true verdict according to the evidence by advising them of the consequence of a verdict of not guilty by reason of insanity.

"We conclude that the reasons given in support of the first proposition far outweigh the fear of jury integrity expressed in the second proposition.

"We feel that *Lyles* v. *United States, supra,* is the better reasoned authority and hold that in all criminal trials or retrials taking place after the date of the filing of this opinion, where the defense of insanity is present and that issue is made submissible by the proofs, the defendant, upon his own timely request, or upon request of the jury, shall be entitled to an instruction in accord with the rule of *Lyles.*"

We interpret the above statement to apply as well to cases which, although tried prior to the "date of the filing" of *Cole,* properly preserved such issue for appeal.[3] Thus, defendant is entitled to a new trial.

Defendant asserts that the intoxication instruction was erroneous. Defendant did not object to the instruction as given, pointing out with particularity the matter to which he objected and the grounds of his objection as is required under GCR 1963, 516.2.[4]

Since we are reversing on other grounds and a new trial will be required, we need not consider whether, even though timely objection was not voiced, the trial judge failed to perform an affirmative duty to give a correct instruction, an issue which

---

[3] This interpretation is born out by the holding in *People* v. *Herrera* (1970), 383 Mich 49. *Herrera,* like the present case, was tried before *Cole* was announced and, also like this case, was reversed and remanded on appeal on the authority of *Cole.*

[4] ".2 Objections. No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider the verdict, stating specifically the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury."

divided this very panel of this Court in *People* v. *Kelley* (1970), 21 Mich App 612. The trial court's attention is directed to *Roberts* v. *People* (1870), 19 Mich 401; in that case, as here, the intoxication defense was coupled with an insanity defense.

Reversed and remanded for a new trial.

All concurred.