PEOPLE *v* PLUMMER

1. CRIMINAL LAW—DEFENSES—INSANITY—EVIDENCE—ADMISSIBILITY.

The prosecution cannot adduce testimony relating to a defendant's sanity before the insanity defense is supported by testimony on the part of the defendant, because until there is some testimonial support for the defendant's claim of insanity, he is presumed sane.

2. CRIMINAL LAW—DEFENSES—INSANITY—EVIDENCE—SEXUAL RELATIONS—RELEVANCE.

Admitting testimony by a prosecution witness concerning sexual relations with the defendant, charged with rape, as back-

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 50.
Presumption of continuing insanity as applied to accused in criminal case. 27 ALR2d 121.
[2] 29 Am Jur 2d, Evidence § 251 *et seq.*
[3] 58 Am Jur, Witnesses § 437 *et seq.*
Applicability in criminal proceedings of privilege as to communications between physicians and patients. 7 ALR3d 1458.

ground testimony on the issue of sanity was reversible error where the prosecution made no showing of the relevance of this evidence to the issue of sanity; the prosecution bore the burden of demonstrating the testimony's relevance.

3. CRIMINAL LAW—EVIDENCE—DOCTOR-PATIENT PRIVILEGE—WAIVER.
   A waiver of the doctor-patient privilege does not occur in a criminal trial by the defendant's calling a doctor to testify for the defense.

Appeal from Oakland, Clark J. Adams, J. Submitted Division 2 December 13, 1971, at Lansing. (Docket No. 10606.) Decided January 19, 1972.

Keith Plummer was convicted of kidnapping, rape, assault with intent to murder, and unlawfully driving away an automobile. Defendant appeals. Reversed and remanded for new trial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Thomas G. Plunkett,* Prosecuting Attorney, *Dennis Donohue,* Chief Appellate Counsel, and *William G. Wolfram,* Assistant Prosecuting Attorney, for the people.

*Bruce T. Leitman,* for defendant on appeal.

Before: QUINN, P. J., and J. H. GILLIS and VAN VALKENBURG,* JJ.

QUINN, P. J. Tried by a jury on a four count information charging kidnapping, rape, assault with intent to murder and unlawfully driving away an automobile,[1] defendant was convicted on all counts. He was sentenced and he appeals.

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.
[1] MCLA 750.349; MSA 28.581, MCLA 750.520; MSA 28.788, MCLA 750.83; MSA 28.278, and MCLA 750.413; MSA 28.645.

Defendant has filed a comprehensive brief of over 100 pages in which he details 15 alleged errors as a basis for appellate relief. Some of these alleged errors are errors that require reversal; some, standing alone, are not reversible errors, but they should be avoided at retrial; some are not errors.

We see no purpose to be served by a detailed statement of the facts. Where necessary for an understanding of a particular issue, pertinent facts will be stated in the discussion of that issue. The following constitute reversible errors.

1. Over objection, the prosecution was permitted to adduce testimony relating to defendant's sanity before the sanity defense was supported by any testimony on the part of the defendant. Until there is some testimonial support for defendant's claim of insanity, he is presumed sane. Conceivably, he may never offer such testimonial support even though he has given notice of the defense of insanity. Proper procedure requires the prosecution to withhold evidence of sanity until defendant has placed in issue the question of his sanity by offering supporting testimony, *People* v *Williams*, 218 Mich 697 (1922). This procedure will also eliminate any future contention that evidence relating to sanity before the issue is raised by defendant is really an attack on his character before his character is an issue.

2. Defendant gave notice that at trial he would rely on the defense of insanity. During the people's case, a prosecution witness was permitted to testify, over objection, to several incidents of sexual relations with defendant. The prosecution contended that the testimony was admissible as background testimony on the issue of sanity, and the trial court so ruled. The prosecution made no showing of the relevance of this evidence to the issue of sanity, and

the prosecution bore the burden of demonstrating its relevance, *People* v *Shaw,* 9 Mich App 558 (1968). The admission of this testimony was reversible error.

3. In rebuttal of defendant's expert on the question of defendant's sanity, the prosecution called Dr. Shafii. As a consulting psychiatrist at Boys' Training School, Dr. Shafii had made a psychiatric evaluation of defendant in March of 1969. On the basis of privileged communication, the doctor declined to testify until ordered to do so by the trial judge. Defendant never waived the privilege but the trial judge ruled that he had by calling a doctor to testify for the defense. *Kelly* v *Allegan Circuit Judge,* 382 Mich 425 (1969), held that only in actions for personal injuries or malpractice does a waiver thus occur. The privilege here involved applies to psychiatrist-patient, *People* v *Wasker,* 353 Mich 447 (1958). Existing law compels us to find the admission of Dr. Shafii's testimony was reversible error.

Additionally, defendant objected to Dr. Shafii's testimony as it related to defendant's record as a juvenile offender. The doctor was permitted to testify on this subject contrary to MCLA 712A.23; MSA 27.3178(598.23), and this was reversible error.

4. The prosecution attempted to impeach defense-witness Dr. Kafi by means of his prior medical report. Defendant objected to this procedure unless the entire report was placed in evidence. The trial court permitted the prosecution to proceed without placing the entire report in evidence. This was reversible error, *People* v *Dellabonda,* 265 Mich 486, 508 (1933).

We note the following errors to be avoided on retrial:

1. The record establishes a sufficient foundation for opinion testimony as to defendant's sanity by

witnesses Clerk and Plummer, *People* v *Cole,* 382 Mich 695 (1969). They should have been permitted to so testify.

2. The record does not establish a sufficient foundation for opinion testimony as to defendant's sanity by witness Durrand. He should not have been permitted to so testify, *Cole, supra.*

3. The claim that no proper foundation was laid before witnesses Easterling and Shannon testified to the condition of defendant's sanity is supported by the record. Unless a foundation pursuant to *Cole, supra,* is laid on retrial, they should not be allowed to testify as to his sanity.

The claimed errors which are not errors are as follows:

1. It was not error to refuse to give defendant's requested instruction on presumption of continuing insanity. The sanity issue presented related only to defendant's mental state at the time of the offense.

2. It was not error to refuse to give defendant's requested definition of "efficient cause". The term is not a complicated one and is susceptible of ordinary comprehension. However, on retrial the giving of the definition if again requested might eliminate further appeal.

3. None of defendant's rights were violated by requiring him to see a court-appointed psychiatrist, *People* v *Early,* 25 Mich App 363 (1970).

4. The requested instruction on the *"Durham"*[2] definition of legal insanity was not in accord with Michigan law, *People* v *Hampton,* 23 Mich App 190 (1970).

5. The trial court's instructions did not violate *Cole, supra.* It is true that the jury was instructed

[2] *Durham* v *United States,* 94 US App DC 228; 214 F2d 862; 45 ALR2d 1430 (1954)—REPORTER.

not to consider possible penalty in determining guilt. However, in the second succeeding paragraph of the instructions, the trial court advised the jury, "Now let me say further, that in the event that you do find the defendant not guilty by reason of insanity, you are entitled to know his ultimate disposition and in that respect let me read to you a section of the statute which reads in part as follows." The trial court then read the applicable statute.

6. Defendant's objection to the testimony of psychiatrist Sendi and psychologist Sokolov because defendant was without counsel at their examinations of him was not well founded. No request for counsel at these examinations was made by defendant. *People* v *Early, supra.*

Reversed and remanded for new trial.

All concurred.