PEOPLE v STOCKWELL

1. CRIMINAL LAW—MENTAL HEALTH—CIVIL COMMITMENT—PRESUMP-
   TION OF INSANITY—CRIMINAL ACTS—JURY.

   A civil commitment for insanity does not give rise to a presump-
   tion of insanity for purposes of obviating criminal responsibility
   for anti-social acts perpetrated during the commitment; the
   question of insanity, once raised in a criminal trial, is to be
   determined by the trier of fact.

2. CRIMINAL LAW—INSTRUCTIONS TO JURY—INSANITY—BURDEN OF
   PROOF—REASONABLE DOUBT—PROSECUTORS.

   The proper instruction to the jury when an insanity defense is
   raised is that it is the prosecutor, not the defendant, who bears
   the burden of proving his position on the sanity question
   beyond a reasonable doubt.

Appeal from Oakland, Robert L. Templin, J.
Submitted January 7, 1976, at Lansing. (Docket
No. 22826.) Decided March 25, 1976. Leave to
appeal denied, 397 Mich 827.

Edward Stockwell was convicted, on retrial, of
second-degree murder. Defendant appeals. Af-
firmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *L. Brooks Patterson,*
Prosecuting Attorney, Robert C. Williams, Chief
Appellate Counsel, and *Thomas S. Richards,* As-
sistant Prosecuting Attorney, for the people.

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 53.
[2] 21 Am Jur 2d, Criminal Law § 45.

*Faintuck, Shwedel, Roether, Wolfram & McDonald,* for defendant.

Before: DANHOF, P. J., and V. J. BRENNAN and M. J. KELLY, JJ.

PER CURIAM. The defendant, Edward Stockwell, was convicted by an Oakland County jury of second-degree murder, MCLA 750.317; MSA 28.549, and appeals as of right.

The defendant was previously convicted on the same charge and appealed to this Court which reversed his conviction, *People v Stockwell,* 52 Mich App 394; 217 NW2d 413 (1974), because of instructional errors. The second trial has now produced a second conviction and the defendant once again appeals on the basis of an alleged instructional error.

The defendant has a history of mental illness dating back to his early childhood. After two violent incidents, he was formally adjudicated mentally ill in probate court on the petition of his parents and was committed to the Pontiac State Hospital in 1957 at the age of 15. While still institutionalized, the defendant fatally stabbed a female patient on May 31, 1968.

At both of his trials, the defendant admitted the stabbing but argued that he was insane at the time of the offense and, therefore, not criminally responsible. At his second trial, the defendant submitted a written request for jury instructions which included statements that a defendant who had previously been involuntarily committed to a mental institution was entitled to a "presumption of continuing insanity". The trial judge rejected the proposed instruction and instead told the jury that:

"[T]here is a presumption that the defendant was sane, but as soon as evidence is offered by the defendant to overthrow this presumption, the burden shifts and it then rests upon the People to convince you jurors beyond a reasonable doubt of the defendant's sanity".

So instructed, the jury found the defendant guilty of second-degree murder.

We have reviewed the defendant's requested instruction and the one actually given and have concluded that there was no error.

The people are correct in their contention that there is a distinction between "insanity" for purposes of civil commitment and "insanity" for purposes of obviating criminal responsibility. See *People v McQuillan,* 392 Mich 511; 221 NW2d 569 (1974). It does not follow that a civil commitment for mental illness should give rise to a presumption of "insanity" for purposes of obviating criminal responsibility for anti-social acts. The question of insanity in a criminal trial is presented for inquiry and determination by a jury or the trier of the facts. *In re Cawley,* 369 Mich 611, 617–618; 120 NW2d 816, 819 (1963).

The only Michigan case we can find which considered defendant's argument is *People v Plummer,* 37 Mich App 657; 195 NW2d 328 (1972). In *Plummer,* the defendant's argument was rejected with the simple statement that:

"It was not error to refuse to give defendant's requested instruction on presumption of continuing insanity. The sanity issue presented related only to defendant's mental state at the time of the offense." 37 Mich App 657, 661.

While that statement may be correct, there is another, more fundamental, reason for rejecting

the defendant's argument. The defendant is arguing that he was entitled to a "rebuttable presumption" of insanity. Instead, the trial judge instructed the jury that the prosecution was required to prove sanity beyond a reasonable doubt. It appears to this Court that the instruction given was, if anything, more favorable to the defendant than the ones he requested.

This conclusion is reinforced by an examination of the cases cited in the defendant's brief. At the point in history when those decisions were released, the jurisdictions involved required criminal defendants to carry the burden of proof on the insanity issue.

One of the cases involved a defendant under sentence of death who was contending that an instruction on a presumption of insanity should have been given. The court stated:

"The defendant was under sentence of death, and the consequences of a possible miscarriage of justice should weigh heavily in the scales against considerations of the niceties of trial practice. Either the instruction as requested, or a technically correct instruction involving its principle, should have been given; to refuse it was reversible error. We are more inclined to this view because of the harshness of the statute which imposes on the defendant the burden of proving his insanity beyond a reasonable doubt." *State v Garver,* 190 Or 291, 307–308; 225 P2d 771 (1950).

If that were now the rule in Michigan, the defendant would have some cause for arguing that his proposed instructions were necessary to mitigate the harshness of such a rule. However, as the trial judge in this case instructed the jury, it is the prosecutor—not the defendant—who bears the burden in Michigan of proving its position on the sanity question beyond a reasonable doubt. *People*

*v English,* 29 Mich App 36; 185 NW2d 139 (1970), *lv den,* 384 Mich 823 (1971), *People v Woody,* 380 Mich 332; 157 NW2d 201 (1968).

The jury was apprized of the defendant's mental health history clearly and at length. The trial judge allowed the defense broad latitude in presenting this history to the jury. Thus, it is clear that the jury was well aware of defendant's mental illness. The trial judge laid down for the jury very clear guidelines in his instructions concerning possible verdicts. The judge's instructions were clear and correctly stated the law as it is in Michigan. We find no error.

Affirmed.