PEOPLE v STINSON

Docket No. 51184. Submitted November 10, 1981, at Lansing.—Decided March 2, 1982. Leave to appeal applied for.

Ronald J. Stinson was convicted by a jury in Ingham Circuit Court of first-degree criminal sexual conduct and breaking and entering with intent to commit a felony. He was sentenced to concurrent terms of 7-1/2 to 15 years for the criminal sexual conduct conviction and 5 to 15 years for the breaking and entering conviction, Jack W. Warren, J. Defendant appeals.
*Held:*

1. The trial court did not abuse its discretion when it ordered a continuance to allow the prosecution to file a notice of rebuttal to defendant's insanity defense.

2. The trial court acted properly when it gave cautionary instructions to the jury to disregard a police officer's unresponsive answer to one of defense counsel's questions on cross-examination in which defendant's past criminal record had been intimated. No error occurred as the result of the trial court's refusal to grant a mistrial.

3. It was not error for the trial court to overrule defense counsel's objection to the prosecutor's opening statement, in which the prosecutor referred to defendant's proposed insanity defense. The comments were not testimony concerning defendant's sanity, which had already been placed before the jury during voir dire questioning, and the prosecutor's comments did not force defendant to pursue his insanity defense.

4. It cannot be said that the prosecutor's opening remarks

REFERENCES FOR POINTS IN HEADNOTES
[1, 4, 5] 29 Am Jur 2d, Evidence § 269.
[2, 4, 5] 73 Am Jur 2d, Statutes § 145.
[3] 73 Am Jur 2d, Statutes § 250.
[6] 81 Am Jur 2d, Witnesses §§ 435, 587.
[7] 75 Am Jur 2d, Trial §§ 204, 209.
[8] 5 Am Jur 2d, Appeal and Error § 744.
[9] 21 Am Jur 2d, Criminal Law §§ 408, 421, 440.
[10] 75 Am Jur 2d, Trial § 221.

shifted the burden of proof concerning defendant's sanity to defendant.

5. The delay in arraigning defendant was not caused by police efforts to secure a confession. The confession obtained during the delay is not inadmissible because of the delay.

6. It was improper for a police officer to testify about defendant's silence after he was arrested but reversal is not required because the trial judge properly instructed the jury that defendant's silence could not be used against him.

7. Defendant's convictions for breaking and entering and criminal sexual conduct do not violate the double jeopardy rule. The two convictions are on totally unrelated charges and proof of one did not require proof of the other.

Affirmed.

1. CRIMINAL LAW — INSANITY DEFENSE — NOTICE OF REBUTTAL.

Failure of a prosecuting attorney to file the required notice of rebuttal of an insanity defense results in the exclusion of the rebuttal evidence (MCL 768.21[2]; MSA 28.1044[2]).

2. STATUTES — JUDICIAL CONSTRUCTION.

The primary objective when interpreting a statute is to discover and give effect to the legislative intent.

3. STATUTES — JUDICIAL CONSTRUCTION.

Apparent inconsistencies in different provisions of a statute should be reconciled if possible so as to arrive at a meaning that gives appropriate effect to all parts of the statute.

4. CRIMINAL LAW — ALIBI DEFENSE — NOTICE OF REBUTTAL.

The legislative intent behind the enactment of the requirement for a notice of rebuttal of an alibi defense was to prevent surprise at trial (MCL 768.20[2]; MSA 28.1043[2]).

5. CRIMINAL LAW — DEFENSES — INSANITY — ALIBI — NOTICE OF REBUTTAL.

The Legislature, in enacting the statutes requiring notice of rebuttal of insanity and alibi defenses, intended to give trial courts discretion to allow a defendant or a prosecutor to file his notice late (MCL 768.20[2], 768.20a[7]; MSA 28.1043[2], 28.1043[1][7]).

6. EVIDENCE — CRIMINAL LAW — PAST CRIMINAL RECORD.

Evidence of a defendant's past criminal record is inadmissible until such time as the defendant takes the witness stand and raises the issue of his character or credibility; however, an unresponsive, volunteered answer by a witness to a proper

question, in which the defendant's criminal past is mentioned, is not cause for granting a mistrial; furthermore, where the trial court sustains an objection to an answer and instructs the jury to disregard the answer, no error occurs (MRE 404).

7. CRIMINAL LAW — INSANITY DEFENSE — PROSECUTORIAL COMMENT.

The fact that a prosecutor commented concerning a defendant's sanity during his opening statement does not require reversal of a defendant's conviction where, although the defendant did object to the comments, the comments were not testimony concerning the defendant's sanity, his sanity had already been placed before the jury during voir dire questioning, and the comments did not force the defendant to pursue his insanity defense.

8. APPEAL — REMAND — LAW OF THE CASE.

A legal issue raised in one appeal may not be raised in a subsequent appeal in the same case after proceedings held on remand to a lower court.

9. CRIMINAL LAW — PRETRIAL PROCEDURES — PREARRAIGNMENT DE-TENTION — CONFESSIONS.

The statutes prohibiting unnecessary delays between arrest and arraignment have not been interpreted as requiring the exclusion of every confession obtained during an unreasonable delay; a confession made during prearraignment detention should not be excluded unless the delay was used as a tool to extract a confession (MCL 764.13, 764.26; MSA 28.871[1], 28.885).

10. CRIMINAL LAW — RIGHT TO REMAIN SILENT.

It is improper for a prosecutor to elicit answers which show that a defendant exercised his right to remain silent; however, where the trial court realizes that an error on this issue has occurred and properly instructs the jury that the defendant's silence cannot be used against him, reversal of a conviction is not required.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Peter D. Houk,* Prosecuting Attorney, *Janis L. Blough,* Chief Appellate Attorney, and *Muriel Winter,* Assistant Prosecuting Attorney, for the people.

*Kim Robert Fawcett,* Assistant State Appellate Defender, for defendant on appeal.

Before: M. J. Kelly, P.J., and D. E. Holbrook, Jr., and N. J. Kaufman, JJ.

M. J. Kelly, P.J. Defendant was convicted of first-degree criminal sexual conduct, MCL 750.520b(1)(f); MSA 28.788(2)(1)(f), and breaking and entering with the intent to commit a felony, MCL 750.110; MSA 28.305. He was sentenced to from 7-1/2 to 15 years imprisonment on the criminal sexual conduct charge and from 5 to 15 years for the breaking and entering charge. The two sentences were to run concurrently. Defendant appeals his convictions by right, GCR 1963, 806.1.

On the night of April 1, 1979, the victim was in bed when she heard a noise at her front door. Thinking it was her dog, she went to the door and unlocked it. Before opening the door, she remembered that her dog was in the basement so she asked if someone was at the door. Her inquiry was answered by a heavy pounding which caused the victim to run to her room. She returned to the living room where she saw a person wearing a plastic bag over his face. She ran to her room again, called the telephone operator, and asked that the police be called.

While she was on the phone, defendant entered her room, grabbed her by the hair and dragged her into the living room. A struggle ensued which ended when defendant dragged the victim out of her house onto a neighbor's front yard. Sitting on the victim's chest, defendant attempted to gouge her eyes out, pull on her tongue, and choke her. Defendant removed the plastic bag from his head and placed it over the victim's head. He again tried to poke out her eyes and, when he met resistance, he hit the victim on her head. After dragging the victim to another part of the yard,

defendant commenced a sexual assault on the victim.

As the victim was struggling with defendant, her son was found by neighbors. The neighbors called the police who went to the victim's residence. Upon arriving, the police searched her home, finding it in disarray from the struggle. Leaving the house, the police heard a low moan and proceeded to the source of the sound, where they found defendant in the act of sexual intercourse. Defendant was arrested and convicted of first-degree criminal sexual conduct and breaking and entering with the intent to commit a felony. Defendant appeals his convictions, raising several issues.

I

Defendant's first allegation of error concerns the trial court's grant of a continuance to allow the prosecution to file a notice of rebuttal to defendant's insanity defense. During the jury voir dire, defendant objected to the trial judge's asking questions about a proposed rebuttal witness. Defendant argued that the prosecutor's failure to file a notice of rebuttal, as required by MCL 768.20a(7); MSA 28.1043(1)(7), prohibited the prosecution from calling any rebuttal witnesses. The prosecution countered by claiming that it had informed defense counsel of its intention to call the witness to rebut defendant's insanity defense. The trial court found that defendant would not be surprised by the witness and granted a one-week adjournment to allow the prosecutor to file a notice of rebuttal.

MCL 768.20a(7); MSA 28.1043(1)(7) requires:

"Within 10 days after the receipt of the report from

the center for forensic psychiatry or within 10 days after the receipt of the report of an independent examiner secured by the prosecution, whichever occurs later, but not later than 5 days before the trial of the case, or at such other time as the court directs, the prosecuting attorney shall file and serve upon the defendant a notice of rebuttal of the defense of insanity which shall contain the names of the witnesses whom the prosecuting attorney proposes to call in rebuttal."

Failure to file the required notice of rebuttal results in the exclusion of the rebuttal evidence. MCL 768.21(2); MSA 28.1044(2).

MCL 768.20a(7); MSA 28.1043(1)(7) clearly provides that the notice of rebuttal can be filed "at such other time as the court directs". This phrase has been interpreted as giving the trial judge discretion to allow the prosecution to file a late notice of rebuttal even though the trial has commenced. *People v Williams,* 107 Mich App 798, 800-801; 310 NW2d 246 (1981), *People v Fisher,* 87 Mich App 350, 355; 274 NW2d 788 (1978).

However, this Court has reached a different conclusion when interpreting a similar requirement concerning notice of rebuttal to an alibi defense, MCL 768.20(2); MSA 28.1043(2). In *People v Wilson,* 90 Mich App 317, 321; 282 NW2d 2 (1979), *lv den* 407 Mich 947 (1979), this Court stated that the statute contemplated service of written notice of rebuttal prior to trial. *Id.,* 321. This Court refused to find that the phrase allowing the rebuttal to be filed "at such other time as the court may direct" allowed the trial court to permit the prosecutor to file a notice of rebuttal after the trial began. *Id.,* 321. Judge ALLEN dissented, claiming the statute gave the judge discretion to allow the filing of a notice of rebuttal after the trial began. *Id.,* 323.

When interpreting a statute, the primary objective is to discover and give effect to the legislative intent. *People v Goulett,* 103 Mich App 381, 384; 303 NW2d 21 (1981). Apparent inconsistencies in different provisions of a statute should be reconciled if possible so as to arrive at a meaning that gives appropriate effect to all parts of the statute. *Arbor Sales, Inc v Dep't of Treasury,* 104 Mich 181, 185; 304 NW2d 522 (1981).

In explaining the legislative intent behind the enactment of the rebuttal-of-alibi notice requirement, this Court stated that the requirement was meant to prevent surprise at trial. *People v Terry Alexander,* 82 Mich App 621, 627; 267 NW2d 466 (1978), *lv den* 406 Mich 936 (1979). Because of the similarities between the statutory requirements for rebuttal-of-alibi notice and rebuttal-of-insanity notice, the same legislative intent applies to MCL 768.20a(7); MSA 28.1043(1)(7). Furthermore, when reading MCL 768.20a(7); MSA 28.1043(1)(7) as a whole, it is clear that the Legislature intended to give the trial court discretion to allow the defendant or the prosecutor to file his notice late. Any other interpretation of the statute would render the phrase "at such other time as the court directs" meaningless.

In this case, defendant was notified three weeks prior to trial that the prosecutor intended to call Dr. Poythress as a rebuttal witness if he did not manage to have defendant examined by an independent psychiatrist before trial. During the jury voir dire, defense counsel objected to questions concerning Poythress. After listening to arguments, the trial court found that defendant would not be surprised by the Poythress testimony. The trial court granted the prosecution a one-week continuance in order to file a rebuttal-of-insanity

notice. Because defendant was aware of the prosecution's intention and of how Poythress would testify, no surprise occurred when the prosecution was allowed to use Poythress as a rebuttal witness. The trial judge did not abuse his discretion when he ordered a continuance to enable the prosecutor to file a notice of rebuttal.

## II

Defendant's second allegation of error concerns defense counsel's cross-examination of Detective Weinman. During the cross-examination, the following colloquy occurred:

"*Q. [defense counsel]:* Did you make any inquiry prior to going through the rights form concerning Mr. Stinson's educational history?

"*A. [Detective Weinman]:* No sir.

"*Q.* So you didn't ask him how far he went in school either?

"*A.* I was pretty familiar with Mr. Stinson, so I had known that—"

The trial court immediately instructed the witness to answer the questions more precisely and instructed the jury to disregard any possible inference of previous wrongdoing by the defendant. After instructing the jury, the trial judge heard arguments on whether a mistrial was necessary. The trial court refused to grant a mistrial and again instructed the jury at great length to disregard Detective Weinman's answer. Finally, the trial judge polled each juror to insure that no prejudice occurred.

Evidence of a defendant's past criminal record is inadmissible until such time as the defendant takes the witness stand and raises the issue of his

character or credibility. *People v Buffa,* 51 Mich App 680, 683; 216 NW2d 494 (1974), MRE 404. However, an unresponsive, volunteered answer to a proper question is not cause for granting a mistrial. *People v Kelsey,* 303 Mich 715, 717; 7 NW2d 120 (1942), *People v Stegall,* 102 Mich App 147, 151; 301 NW2d 473 (1980). Furthermore, where the trial court sustains an objection to an answer and instructs the jury to disregard the answer, no error occurs. *People v Missouri,* 100 Mich App 310, 329; 299 NW2d 346 (1980).

In this case, defendant argues that the officer's answer was an attempt to bring defendant's prior juvenile record before the jury. If that was the purpose of the officer's answer, it was unresponsive to defense counsel's question. Furthermore, the trial court immediately cautioned the officer to answer defense counsel's questions more directly and cautioned the jury to disregard the officer's answer. While the trial judge did caution the jury again at great length, we do not find that his cautionary instructions overemphasized the error. The trial court acted properly when it gave the jury cautionary instructions to disregard the officer's unresponsive answer to defense counsel's question.

### III

Defendant next alleges that the trial court erred when it failed to sustain defense counsel's objection to the prosecutor's opening statement. During his opening statement, the prosecutor referred to defendant's proposed insanity defense. Defense counsel immediately objected, claiming the prosecutor was prohibited from putting the question of defendant's sanity before the jury prior to defendant's placing his sanity at issue. The trial court

overruled the objection and the prosecutor continued with his argument concerning defendant's sanity.

In *People v Plummer,* 37 Mich App 657, 659; 195 NW2d 328 (1972), this Court held that a prosecutor must withhold evidence of defendant's sanity until defendant has placed in issue the question of his sanity by offering supporting testimony. A panel of this Court has also expressed its disapproval of the prosecution's reference to a defendant's insanity defense during the opening statement. *People v Corsa,* 50 Mich App 479, 482; 213 NW2d 579 (1973), *lv den* 397 Mich 864 (1976). However, the Court ruled that the error was not reversible because defendant failed to object and there was no contention by the defense that the insanity defense would not have been pursued absent the prosecutor's comments. *Id.,* 483.

Another panel addressed the issue of prosecutorial comments concerning defendant's proposed insanity defense in *People v Staggs,* 85 Mich App 304, 312; 271 NW2d 211 (1978). In *Staggs,* the prosecutor referred to the defendant's insanity defense during his opening argument. Defendant did not object to the remarks. This Court held that the remarks did not violate the rule established in *Plummer, supra,* because they were not testimony and the insanity issue was covered in both the voir dire questions and defense counsel's opening statement. *Staggs, supra,* 312-313.

As in *Staggs,* we do not find the prosecutor's remarks require reversal. While defendant did object, the reasoning of *Staggs* still applies. The comments were made during the opening statements and were not testimony concerning defen-

dant's sanity. Furthermore, the defendant's sanity had already been placed before the jury during the voir dire questioning. Finally, the prosecution's comments did not force defendant to pursue his insanity defense. It is clear from the overwhelming evidence presented at trial that the defendant's only defense was insanity.

Defendant also argues that the prosecutor's opening statement shifted the burden of proof concerning defendant's sanity to defendant. We find this argument unpersuasive. Throughout the trial, the judge instructed the jury that the prosecution and not defendant had the burden of proving defendant was sane when he committed the crime. In light of these instructions, we cannot say that the prosecutor's opening remarks shifted the burden of proof.

IV

Defendant's fourth allegation of error concerns the voluntariness of defendant's postarrest confession. Prior to trial, a *Walker*[1] hearing was conducted. After the hearing, the trial judge stated that he believed defendant understood his rights before he gave the police his statement. However, the judge ruled that defendant's inability to read might be construed as a factor prohibiting the confession from being voluntary and ruled that the confession was inadmissible. The prosecutor appealed this ruling to this Court, which reversed the trial court in an order dated April 30, 1979. This Court found that the confession was voluntary. Defendant sought to appeal this finding to the Supreme Court, which denied leave to appeal,

---

[1] *People v Walker (On Rehearing),* 374 Mich 331; 132 NW2d 87 (1965).

407 Mich 869 (1979). During defendant's trial, his confession was entered into evidence. He now appeals, claiming it was error to admit his confession.

Where a prior ruling of this Court concerns the same question of law in the same case, the doctrine of law of the case applies and the prior ruling is controlling. *People v Conte,* 104 Mich App 73, 76; 304 NW2d 485 (1981). A legal issue raised in one appeal may not be raised in a subsequent appeal after proceedings held on remand to a lower court. *Id.,* 76. In this case, the voluntariness of defendant's conviction was decided by this Court. In the previous appeal we reviewed the whole record of the *Walker* hearing and found the statement admissible. We therefore decline to examine the alleged error in this appeal.

V

Defendant next contends that the delay between his arrest and arraignment requires that any confessions obtained during that period be declared inadmissible. MCL 764.13; MSA 28.871(1) and MCL 764.26; MSA 28.885 prohibit unnecessary delays between arrest and arraignment. These sections have not been interpreted as requiring the exclusion of every confession obtained during an unreasonable delay. A confession made during prearraignment detention should not be excluded unless the delay was used as a tool to extract a confession. *People v White,* 392 Mich 404, 424; 221 NW2d 357 (1974), *People v Ewing (On Remand),* 102 Mich App 81, 85; 300 NW2d 742 (1980).

Defendant was arrested at 3 a.m. on April 2, 1977, but was not arraigned until 4 p.m. that day.

After defendant was arrested, the police took the victim to the hospital, where she stayed until 7:16 a.m. From the hospital, she was taken to the police station, where she was interviewed by the police. After the interview, the police interrogated defendant, who confessed to the crimes. The police then went to the prosecutor's office where a complaint and warrant were obtained. Defendant was arraigned at 4 p.m.

The 13-hour delay in this case was not used to extract a confession from defendant. The initial delay was caused by the victim's being taken to the hospital. Another 4-hour delay occurred after the police had taken defendant's confession. Finally, while interrogating defendant, the police complied with the requirement established in *Miranda*.[2] Under the circumstances in this case, we do not find that the delay in arraigning defendant was caused by police efforts to secure a confession.

## VI

Defendant also argues that it was error for the prosecutor to introduce evidence that defendant exercised his constitutional right to remain silent. During the trial, the prosecutor asked the arresting officer if he read defendant his *Miranda* rights and if he questioned defendant. After receiving an affirmative answer, the prosecutor asked what defendant said. The officer answered that defendant remained silent. After these questions, the prosecutor asked the trial court to instruct the jury that defendant's silence could not be used against him. The trial court gave the jury instructions as requested.

---

[2] *Miranda v Arizona*, 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966).

It is improper for a prosecutor to elicit answers which show that a defendant exercised his right to remain silent. *People v Bobo,* 390 Mich 355; 212 NW2d 190 (1973). However, where the trial court realizes that an error has occurred and properly instructs the jury that defendant's silence cannot be used against him, reversal is not required. *People v Wade,* 93 Mich App 735, 740; 287 NW2d 368 (1979), *lv den* 408 Mich 941 (1980). In this case, it was improper for the officer to testify about defendant's silence. While error occurred, it does not require reversal because the trial judge properly instructed the jury that defendant's silence could not be used against him.

## VII

Finally, defendant argues that his convictions for breaking and entering and criminal sexual conduct violate the double jeopardy rule. This Court faced the same contention in *People v Armstrong,* 100 Mich App 423; 298 NW2d 752 (1980), and rejected it. In this case, the aggravating factor which raised the criminal sexual conduct in the third degree charge to a charge of criminal sexual conduct in the first degree was not the breaking and entering but the fact that defendant used force and coercion causing personal injury to the victim. Therefore, the breaking and entering is not an underlying felony of the criminal sexual conduct charge. It is a totally unrelated charge and proof of one did not require proof of the other.

Defendant has failed to raise any errors requiring reversal and his convictions are affirmed.