PEOPLE v JACKSON

Docket No. 58907. Submitted March 5, 1982, at Detroit.—Decided
    April 29, 1982.

Damon B. Jackson was convicted of armed robbery in Detroit
    Recorder's Court, Evelyn Cooper, J. The defendant appeals
    alleging that (1) the trial court erred by admitting into evi-
    dence photographs of the victim which were highly prejudicial
    and inflammatory, and (2) the prosecutor's closing argument
    was so prejudicial as to constitute error requiring reversal.
    *Held:*

1. The trial judge did not err in admitting the photographs of
    the victim; the photographs were relevant, admissible, and
    appeared to have probative value.

2. The defendant did not object to the prosecutor's closing
    argument or rebuttal argument at the time of trial and, thus,
    the trial judge did not have any opportunity to make a correc-
    tive instruction if the prosecutor's arguments constituted mis-
    conduct. While the prosecutor's arguments verged upon im-
    proper references to the jurors' civil duty, the evidence of the
    defendant's guilt was overwhelming and the Court of Appeals
    declines to find any miscarriage of justice.

Affirmed.

R. M. Maher, P.J., dissented. He believed that the photo-
    graphs of the victim had no probative value because the defen-
    dant presented a defense of alibi and did not deny that the
    complainant had been robbed and assaulted or contest the
    extent of the complainant's injuries. He believed that the trial
    court abused its discretion in admitting that evidence. He
    would reverse and remand for a new trial.

OPINION OF THE COURT

1. EVIDENCE — PHOTOGRAPHS.
    Photographic evidence relative to a material point may be admis-

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 29 Am Jur 2d, Evidence §§ 785, 787.
[2] 29 Am Jur 2d, Evidence § 790.

sible if its probative value outweighs its possible prejudicial effects.

DISSENT BY R. M. MAHER, P.J.

2. CRIMINAL LAW — EVIDENCE — PHOTOGRAPHS — VICTIMS.

*The admission of photographs of victims of crime is committed to the discretion of the trial court; the issue to be addressed in the admission of photographic evidence is whether the photograph is substantially necessary or instructive to show material facts or conditions or is merely calculated to excite passion and prejudice.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Don W. Atkins,* Assistant Prosecuting Attorney, for the people.

*Lawrence R. Greene,* for defendant on appeal.

Before: R. M. MAHER, P.J., and BEASLEY and P. J. MARUTIAK,* JJ.

PER CURIAM. Defendant, Damon Blair Jackson, was charged with armed robbery of a jewelry store in Detroit and felony-firearm. The jury found defendant guilty of armed robbery, in violation of MCL 750.529; MSA 28.797, but not guilty of felony-firearm. Defendant was sentenced to not less than 20 years nor more than 30 years in prison, after which he appeals as of right, raising two issues.

First, defendant claims that the trial court erred reversibly by admitting into evidence photographs of the complainant, which were highly prejudicial and inflammatory. We disagree.

The applicable test is whether the trial court exercised sound discretion in permitting admission

---

* Circuit judge, sitting on the Court of Appeals by assignment.

of photographs which might be inflammatory.[1] The photographs were relevant and strong evidence in support of the prosecutor's reliance upon the following portion of the statute:[2]

"If an *aggravated assault or serious injury is inflicted* by any person while committing an armed robbery as defined in this section, the sentence shall be not less than 2 years' imprisonment in the state prison." (Emphasis added.)

Thus, in exercising her discretion, the trial judge did not err in admitting these photographs which were relevant, admissible, and appeared to have probative value.[3]

Second, defendant claims that the prosecutor's closing argument was so prejudicial as to constitute error requiring reversal. We note that defendant did not make any objection to the prosecutor's closing argument or rebuttal argument at the time of trial. As a result, the trial judge did not have any opportunity to make a corrective instruction if, indeed, the prosecutor's arguments constituted misconduct. While the prosecutor's arguments verged upon rising to the level of the so-called civil duty argument that we have disapproved of,[4] the proofs in this case were overwhelming and, consequently, we decline to find any miscarriage of justice.

Affirmed.

R. M. MAHER, P.J. *(dissenting).* I respectfully dissent, inasmuch as I cannot agree with the ma-

---

[1] *People v Myers,* 30 Mich App 409, 429; 186 NW2d 381 (1971).

[2] MCL 750.529; MSA 28.797.

[3] *People v Paintman,* 92 Mich App 412; 285 NW2d 206 (1979), *rev'd on other grounds* 412 Mich 518; 315 NW2d 418 (1982).

[4] *People v Biondo,* 76 Mich App 155; 256 NW2d 60 (1977), *lv den* 402 Mich 835 (1977).

jority's startling assertion that the photographs of the complainant had probative value.

This case arose out of the robbery of a Detroit gold and jewelry store on June 13, 1980. The complainant testified that three men entered his store, robbed him, and beat him badly. Pictures of the complainant, taken four or five days after the robbery and assault, were admitted into evidence over defendant's objection. Defendant presented an alibi defense.

On appeal, defendant contends that the trial court abused its discretion by admitting photographs of the complainant.

In *People v Sullivan,* 97 Mich App 488, 492; 296 NW2d 81 (1980), this Court set forth the proper standard for admission of such photographs:

"The admission of photographs of victims of crime is committed to the discretion of the trial court. *People v Eddington,* 387 Mich 551; 198 NW2d 297 (1972). The issue to be addressed in the admission of photographic evidence is whether the photograph is substantially necessary or instructive to show material facts or conditions or is merely calculated to excite passion and prejudice. *People v Falkner,* 389 Mich 682, 685; 209 NW2d 193 (1973)."

In *People v Browning,* 106 Mich App 516, 523; 308 NW2d 264 (1981) this Court said:

"This test, which requires the photographs 'to be substantially necessary or instructive' upon a material fact before being admissible, is nearly identical to that enunciated by our Supreme Court in *People v Becker,* 300 Mich 562, 565; 2 NW2d 503 (1942), where that Court held that, '[t]he general rule upon the admissibility of this kind of evidence is that it is admissible if helpful in throwing light upon any material point in issue'."

My learned colleagues correctly point out that the photographs were "strong evidence" that an aggravated assault or serious injury had been inflicted in the course of the robbery—which would require the imposition of a mandatory minimum sentence. However, *this matter was not at issue.*

Defendant presented an alibi defense. He did not deny that the complainant had been robbed and assaulted and did not contest the extent of the complainant's injuries. Defendant merely contended that he was not the person who had robbed and beaten the victim. Thus, the complainant's physical condition after the robbery was not a material fact. The photographs had no probative value, and their introduction was apparently calculated to excite passion and prejudice on the part of the jury. Testimony from the complainant and another witness provided overwhelming evidence of both an aggravated assault and serious injury; consequently, the prosecution did not need the photographs to establish this element of the offense.

I believe that the trial court abused its discretion in admitting this evidence. Accordingly, I would reverse and remand for a new trial.