PEOPLE v LANDIS

Docket No. 77855. Submitted September 7, 1984, at Lansing.—Decided
    October 29, 1984.

> Bruce Lee Landis pled guilty in Hillsdale Circuit Court to a
> charge of uttering and publishing and of being a second felony
> offender and was sentenced to a term of 7 to 14 years on the
> uttering and publishing conviction and a term of 12 to 21 years
> on his conviction of being an habitual criminal, Albert J.
> Neukom, J. Defendant appeals, claiming that the trial court
> abused its discretion in imposing a sentence so severe that it
> shocks the conscience. *Held:*
>
>   The sentence imposed on defendant was not cruel and unu-
> sual under either the federal or state constitution and, in light
> of the presentence report on defendant's background, does not
> shock the conscience of the Court of Appeals. While the sen-
> tence prescribed by statute for uttering and publishing may
> seem harsh, that is a matter to be addressed to the Legislature,
> not the Court of Appeals.
>
>   Affirmed.
>
>   M. J. KELLY, J., dissented on the ground that the sentence
> imposed in this case exceeds what a reasonably informed
> person functioning in the Michigan criminal justice system
> would perceive to be proportional to the nonviolent crime
> committed. He expressed shock at the severity of the sentence
> of from 12 to 21 years in prison for a conviction of being an
> habitual offender where the habitual offender charge was based
> on the defendant's conviction of presenting a bad check for
> payment and having a previous conviction for attempted break-
> ing and entering. He would remand for resentencing.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2, 4] 39 Am Jur 2d, Habitual Criminals and Subsequent Offenders
    §§ 29, 30.
[1, 3, 4] 21 Am Jur 2d, Criminal Law § 629.
    Length of sentence as violation of constitutional provisions prohibit-
        ing cruel and unusual punishment. 33 ALR3d 335.
[2] 39 Am Jur 2d, Habitual Criminals and Subsequent Offenders § 31.

OPINION OF THE COURT

1. CRIMINAL LAW — SENTENCING — HABITUAL OFFENDERS — FOR-
   GERY.

   A sentence of from 12 to 21 years in prison imposed upon a
   defendant convicted of uttering and publishing and of being an
   habitual offender does not shock the conscience of the Court of
   Appeals where the defendant had a history of illegal activity
   and the sentence was statutorily prescribed and was not cruel
   and unusual under either the federal or state constitution.

2. CRIMINAL LAW — SENTENCING — APPEAL — UNDULY HARSH SEN-
   TENCES.

   The question of whether a statutorily prescribed sentence is
   unduly harsh is a matter to be addressed to the Legislature,
   not the Court of Appeals.

DISSENT BY M. J. KELLY, J.

3. CRIMINAL LAW — SENTENCING — EXCESSIVELY SEVERE SENTENCES.

   *An excessively severe sentence is one which far exceeds what all
   reasonable persons would perceive to be an appropriate social
   response to the crime committed and the criminal who commit-
   ted it.*

4. CRIMINAL LAW — SENTENCING — EXCESSIVELY SEVERE SENTENCES
   — HABITUAL OFFENDERS.

   *The imposition of a sentence of from 12 to 21 years in prison for
   a conviction of being an habitual offender shocks the judicial
   conscience where the habitual offender charge was based on the
   defendant's conviction of presenting a bad check for payment
   and having a previous conviction for attempted breaking and
   entering.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Michael R. Smith,* Prosecuting Attorney, and *Jann Ryan Baugh,* Assistant Attorney General, Department of Attorney General, Prosecuting Attorneys Appellate Service, for the people.

*Robert W. Blackstock,* for defendant on appeal.

Before: DANHOF, C.J., and M. J. KELLY and N. J. KAUFMAN,* JJ.

PER CURIAM. Defendant was charged and arraigned in circuit court on two counts of forgery, MCL 750.248; MSA 28.445, and two counts of uttering and publishing, MCL 750.249; MSA 28.446, and was given notice of the prosecutor's intent to file a supplemental information charging him as an habitual offender. Pursuant to a plea bargain, defendant pled guilty to one of the uttering and publishing counts and to the charge of being a second offender in return for dismissal of the other three counts and the charge of being a fourth time habitual criminal. Defendant was then sentenced to 7 to 14 years for uttering and publishing and 12 to 21 years as an habitual criminal. He appeals as of right, claiming that the trial court abused its discretion in imposing a sentence that shocks the conscience.

At the sentencing hearing, defendant and defense counsel stated that they had reviewed the presentence report, and defense counsel allocuted on defendant's behalf. The trial judge reviewed defendant's prior criminal record, which indicated that defendant has been in constant difficulty with the law since he was 18 years of age, including an attempted breaking and entering, a probation violation, joyriding, two attempted larcenies, and an assault and battery. The court noted that defendant is now aged 23 and unemployed.

Uttering and publishing is punishable by up to 14 years' imprisonment.

Under the circumstances, we cannot say that the sentence was cruel and unusual under either the United States or Michigan Constitution. After reading the presentence report, we cannot say the

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

sentence shocks our conscience. *People v Coles,* 417 Mich 523; 339 NW2d 440 (1983). If anything, the sentence prescribed by the statute for uttering and publishing seems harsh; however, that is a question for the Legislature, not us.

Affirmed.

M. J. KELLY, J. *(dissenting).* I respectfully dissent.

The 12- to 21-year sentence imposed here for the defendant's commission of a nonviolent crime disturbs me. I cannot say unequivocally that it shocks my conscience, but I also do not know how sensitive, informed and rational my conscience is in comparing sentences imposed by trial courts to an "ideal penalty", whatever that is.

The Supreme Court in *People v Coles,* 417 Mich 523, 542-543; 339 NW2d 440 (1983), said that an "excessively severe sentence is one which far exceeds what all reasonable persons would perceive to be an appropriate social response to the crime committed and the criminal who committed it". It seems to me that the sentence imposed here is one which exceeds what a reasonably informed person functioning in the Michigan criminal justice system would perceive to be proportional. I am willing to opine that a conviction for presenting a bad check for payment enhanced by an earlier attempted breaking and entering conviction does not merit sentencing on the habitual charge of from 12 to 21 years in prison. I admit to foundering in a quagmire of conflicting considerations but, without a showing that defendant has violent propensities, I am expressing a conscience, though rendered insipid from overexposure to multitudes of lesser penalties for violent and heinous crimes, and confessing shock at the severity of the sentence in this case.

I would remand for resentencing.