### PEOPLE v MORIN

Docket No. 80824. Submitted March 14, 1985, at Lansing.—Decided July 2, 1985. Leave to appeal applied for.

Leon Morin was convicted, on his plea of guilty, of assault with intent to commit criminal sexual conduct involving penetration, Saginaw Circuit Court, Gary R. McDonald, J., and was sentenced to from 2-1/2 to 10 years in prison. The court stated "that the sentencing guidelines are inadequate for the offense, and the circumstances surrounding the offense, and that this is a young female victim, a minor child". Application of the sentencing guidelines yields a recommended minimum term of up to 18 months. Defendant appealed, alleging that the trial court abused its discretion in sentencing him. *Held:*

A trial court's failure to sentence a criminal defendant to the precise sentence range indicated by the Sentencing Guidelines Manual does not necessitate resentencing. The court is free to exercise reasonable discretion to depart from the guidelines to develop a sentence best suited for the case before it as long as it makes a record of the reasons for the discretionary departure. The sentence imposed did not shock the conscience of the Court of Appeals.

Affirmed.

CRIMINAL LAW — SENTENCING GUIDELINES.

The use of the Sentencing Guidelines when imposing a sentence for an offense included in the guidelines is mandatory, but imposing a sentence based on the recommended ranges of the sentences is not; a judge may depart from the recommended minimum range for the reasons, and in the manner, prescribed by the guidelines (Administrative Order No 1984-1, 418 Mich lxxx).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Christopher S. Boyd,*

REFERENCES FOR POINTS IN HEADNOTE

Am Jur 2d, Criminal Law §§ 588 *et seq.*

See the annotations in the ALR3d/4th Quick Index under Sentence and Punishment.

Prosecuting Attorney, and *Kay F. Pearson,* Assistant Prosecuting Attorney, for the people.

*Lyon & Hackett* (by *Anthony M. Damiano),* for defendant.

Before: Shepherd, P.J., and V. J. Brennan and C. Jobes,* JJ.

Per Curiam. Defendant pled guilty to assault with intent to commit criminal sexual conduct involving penetration, MCL 750.520g(1); MSA 28.788(791), in exchange for dismissal of a charge of first-degree criminal sexual conduct, MCL 750.520b(1)(a); MSA 28.788(2)(1)(a). Defendant has no criminal record. Application of the sentencing guidelines yields a recommended minimum term of up to 18 months. The trial court sentenced defendant to from 2-1/2 to 10 years imprisonment. The court felt "that the sentencing guidelines are inadequate for the offense, and the circumstances surrounding the offense, and that this is a young female victim, a minor child". Defendant prays for a remand for resentencing. We affirm.

Defendant argues that the trial court abused its discretion by sending him to prison for 2-1/2 to 10 years. This claim lacks merit. The sentence is not "one which far exceeds what all reasonable persons would perceive to be an appropriate social response to the crime committed and the criminal who committed it". *People v Coles,* 417 Mich 523, 542-543; 339 NW2d 440 (1983). We have reviewed the transcript of the plea hearing and the presentence report. The sentence does not shock "our judicial conscience". *People v Gistover,* 131 Mich App 313, 315; 345 NW2d 703 (1984).

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

Defendant argues that the trial court advanced insufficient reasons for departing from the sentencing guidelines. Defendant correctly observes that the seriousness of the offense and the age of the victim receive consideration through application of the guidelines. See, Sentencing Guidlines Manual, § 6, OV 7. Nevertheless, defendant is entitled to no relief. The trial court did not mistakenly believe that the guidelines lack consideration of these factors, but simply disagreed with the guidelines themselves as applied to this particular case. "The judge may depart from the recommended minimum range for the reasons, and in the manner, prescribed by the guidelines." Administrative Order No. 1984-1, 418 Mich lxxx. "[I]t is clear that the guidelines are subject to revison and, therefore, cannot be viewed as setting the outer limits of a sentencing judge's discretion." *People v Rutherford,* 140 Mich App 272, 280; 364 NW2d 305 (1985) (SHEPHERD, J, concurring).

In numerous recent decisions, this Court has rejected assertions that a justification for departure is inadequate if it amounts to a restatement of a factor included in the guidelines. *People v Purzycki,* 143 Mich App 108; 371 NW2d 490 (1985), *People v Ridley,* 142 Mich App 129; 369 NW2d 274 (1985), *People v Fleming,* 142 Mich App 119; 369 NW2d 499 (1985), and *People v Terry James,* 142 Mich App 19; 368 NW2d 892 (1985). In each of these cases, we held that the guidelines are a tool designed to assist the sentencing judge, the guidelines do not set binding limitations on the judge's exercise of discretion, the judge remains free to disagree with the results of application of the guidelines, so long as the judge states the basis of his disagreement on the record and in the sentencing information report (SIR), and, to hold otherwise would transform the judge's discretionary

task into "ministerial computation". *Fleming, supra,* p 127. A sentencing court acts within its discretion by departing from the guidelines, unless the term imposed shocks the conscience of this Court. *Coles, supra,* p 550.

Defendant's argument finds some support in the "Departure Policy" set forth in the guidelines:

"The Sentencing Guidelines Advisory Committee has attempted to draft the guideline sentence ranges to reflect past sentencing practices of the state's trial judges. Disagreements with the conclusions of the Advisory Committee are invited and encouraged. To improve the sentencing guidelines, it is necessary that any departure be accompanied by a specific explanation of why, in the case at bar, justice requires a sentence outside the guideline sentence range. *In some instances the trial judge may believe that the sentencing guidelines range is inappropriate even though there are no special characteristics of the case at bar which necessitate a departure. In such instances it is necessary to provide a specific explanation of why the trial judge believes the guideline sentence range does not reflect the sentencing practices of the state's trial judges.* In the latter case, the trial judge is strongly encouraged to provide an appropriate guideline sentence range. These explanations must be specific; for example, a simple citation to 'the ends of justice' would be insufficient." Sentencing Guidelines Manual, § 27, ¶ 2 (emphasis added).

However, the authors of the guidelines acknowledge that "the guideline sentence ranges are not binding on the sentencing judge". *Id.,* ¶ 5. As noted in *Ridley, supra,* p 134, "[o]nly the use of the guidelines is mandatory", *i.e.,* the judge's only obligation is to take the guidelines into account. Strict application of every statement in the departure policy would severely restrict the sentencing judge's discretion beyond the scope contemplated by the Supreme Court when it promulgated the

guidelines. The trial court is in no position to ascertain "the sentencing practices of the state's trial judges". Sentencing Guidelines Manual, § 27, *supra.* Moreover, this Court would be without means to verify the accuracy of the trial court's research, since "we do not do independent factual research beyond the record". *Rutherford, supra,* p 281, fn 1 (Shepherd, J, concurring). "Appellate Courts were not established to engage in any significant factfinding functions." *Coles, supra,* p 537. It is hardly surprising that both the circuit and appellate courts have ignored the above emphasized statement in the Departure Policy.

The sentence does not shock our conscience. The trial court did not abuse its discretion by disagreeing with the sentencing guidelines. Any expansion of the authority of this Court to place further restrictions on the discretion of trial judges will have to come from the Supreme Court or the Legislature.

Affirmed.