PEOPLE *v.* WASKER.

1. CRIMINAL LAW—CRIMINAL SEXUAL PSYCHOPATHIC PERSON—PHY-
SICIAN-PATIENT PRIVILEGE—WAIVER.

The failure of the defendant, charged with crime of gross in-
decency, to object before trial to determine whether or not
he was a criminal sexual psychopathic person that 1 of panel
of 3 psychiatrists was his personal psychiatrist did not con-
stitute a waiver of the physician-patient privilege, since de-
fendant was not under an obligation before trial to raise
objections to the appointment of the members of the panel
(CLS 1956, §§ 780.503, 780.504).

2. SAME—CRIMINAL SEXUAL PSYCHOPATHIC PERSON—TESTIMONY OF
PSYCHIATRISTS.

It was error to receive the testimony of panel of 3 psychiatrists
in proceeding to determine whether or not defendant, charged
with gross indecency, was a criminal sexual psychopathic
person, where 1 of the panel was defendant's personal psychia-
trist and had treated defendant privately, and, although the
physician-patient privilege had not been waived, obviously
relied upon information obtained during treatment in testify-
ing at the trial (CLS 1956, §§ 780.503, 780.504).

3. SAME—CRIMINAL SEXUAL PSYCHOPATHIC PERSON—PHYSICIAN-
PATIENT PRIVILEGE—WAIVER.

It is necessary to find that person charged with being a criminal
sexual psychopathic person be suffering from a mental dis-
order, be not feeble-minded, coupled with criminal propensities
to the commission of sexual offenses, hence, where the only
testimony relative to the mental disorder was that of a panel
of psychiatrists, one of whom had treated defendant, and his
testimony was incompetent by reason of the physician-patient
privilege which had not been waived, the conviction was er-
roneous (CLS 1956, §§ 780.503, 780.504).

REFERENCES FOR POINTS IN HEADNOTES

[1]  58 Am Jur, Witnesses § 446.
[2]  58 Am Jur, Witnesses § 401.
[3]  Statutes relating to sexual psychopaths.  24 ALR2d 350.

Appeal from Ottawa; Smith (Raymond L.), J. Submitted April 17, 1958. (Docket No. 84, Calendar No. 47,004.) Decided September 9, 1958.

Robert R. Wasker was convicted of being a criminal sexual psychopathic person. Reversed and remanded.

*Paul L. Adams,* Attorney General, *Samuel J. Torina,* Solicitor General, *James W. Bussard,* Prosecuting Attorney, for the people.

*Frank J. Powers,* for defendant.

VOELKER, J. On January 24, 1956, appellant was charged with the crime of gross indecency before the municipal court for the city of Holland. Preliminary examination was held February 23, 1956, and appellant was bound over to the circuit court for Ottawa county. After information was filed in the Ottawa county circuit court, to which appellant entered a plea of not guilty, the prosecuting attorney, on March 9, 1956, filed a petition requesting that respondent be examined by 3 psychiatrists to determine whether he was a criminal sexual psychopathic person. On March 9, 1956, the circuit court entered an order appointing David B. Davis, Adolp F. Dasler and Leonard Rosenzweig, all psychiatrists approved by the State department of mental health, to examine appellant. These proceedings were all pursuant to the authority and procedure specified by statute (CL 1948, §§ 780.503, 780.504, as amended by PA 1950 [Ex Sess], No 25 and PA 1952, No 58 [CLS 1956, §§ 780.503, 780.504, Stat Ann 1954 Rev §§ 28.967(3), 28.967(4)]).

The statutory examination was held in due course and it appears that Dr. Davis did a large part of the questioning of the respondent and that he used

hospital records and notes made in connection with his prior private consultation with appellant. These private consultations occurred after appellant had entered his plea of not guilty in circuit court and had been released upon bond, at which time he placed himself under the care of Dr. Davis for psychiatric treatment. Treatment apparently occurred in January of 1956.

Subsequent to their statutory examination the panel of psychiatrists filed a report in which they found appellant to be a criminal sexual psychopathic person, and hearing was held May 11, 1956, before a jury in the circuit court to determine this issue. Pursuant to such hearing, the jury found appellant to be a criminal sexual psychopathic person, from which finding he appeals.

His appeal is based upon alleged error on the part of the trial court at the hearing for determination of his status in permitting the psychiatrists to testify to or with regard to their conclusions as a result of their examination. He also objects to the admission in evidence of their written report containing their findings based upon such examination.

The only issue necessary for decision in this case is raised by appellant's claim that the entire examination, and accordingly the report and opinion of the psychiatrists as given to the jury, was in violation of the doctor-patient privilege as to communications between them, and thus in violation of appellant's constitutional rights. Appellant reasons that because he went to Dr. Davis voluntarily and in the ordinary doctor-patient relationship Dr. Davis was therefore disqualified from serving as one of the 3 examining court-appointed psychiatrists because he could not do so without necessarily making use of confidential communications made to him during the course of his private treatment of appellant.

It is clear, by the people's own admission, that Dr. Davis did make extensive use of notes taken by him in the course of private treatment, as well as of hospital records made in connection therewith, when he and the other psychiatrists examined appellant pursuant to court order. If disclosure of the confidential communications to the other psychiatrists was improperly made there can be no question but that it had much to do with the other psychiatrists' view of appellant's status and consequently was probably largely determinative of their final opinion. In any case we are unable to unravel the extent to which they may have been so influenced.

The question of whether the doctor-patient privilege was waived is of critical importance under these circumstances. Appellant knew the identity of the 3 psychiatrists appointed by the court to examine him and he therefore knew that his own private psychiatrist, Dr. Davis, was among their number. It is urged by the people that, because defendant made no objection prior to the hearing on the question of his psychiatric status, he therefore waived any privilege which he might otherwise be entitled to claim as regards Dr. Davis' participation. The trial court apparently accepted this view of the matter because he refused to permit cross-examination of Dr. Davis and the other psychiatrists with respect to whether their report and opinion was based upon information obtained from Dr. Davis and based upon his private treatment of appellant. Similarly the trial court indicated that the objection to the psychiatrists' report and testimony, as based upon confidential communications, came too late when it was first raised at trial. The people take the position here that the whole situation indicates that a clever trap was set by appellant and his attorney by their failure earlier to object to the examination of Dr. Davis as a court-appointed examining

psychiatrist, and in saving the objection based upon the claim of privilege until trial. Perhaps such a trap was set, but if so it should be remembered that the successful operation of a trap requires a susceptible victim. The troubling claim of appellant that his constitutional rights were violated in permitting his personal psychiatrist to use confidential information in the psychiatric examination and in testifying for the people, is not answered satisfactorily by the prosecution's claim that it has been trapped. We do not find that appellant was under any obligation, prior to trial, to raise objections to the appointment of a panel of psychiatrists, and therefore his objection at trial to the testimony of the psychiatrists on the grounds that they were of necessity based, in part, upon confidential communications, was timely. There does not appear to have been any waiver of the privilege.

It follows that the trial court erred in permitting to go to the jury the testimony of the 3 doctors, all of whose evidence was necessarily tainted by their reception of information gained by Dr. Davis in his confidential relationship with appellant. This is particularly so when counsel for appellant strenuously objected at the hearing to the admission of such testimony. If so, it would follow that the court was likewise in error in refusing to permit cross-examination of the psychiatrists as to the extent to which their testimony was based upon the confidential information furnished by Dr. Davis.

If the testimony of the psychiatrists was inadmissible, which it was, there was then no proper basis for the jury's verdict, because the verdict is necessarily one which must be based upon defendant's medical status.

We are aware that the testimony of the doctors was not the only evidence of sexual deviation. The jury also heard competent and relevant evidence

from 2 lay witnesses, 1 of whom was the boyish victim of appellant's perverse acts, the other being the officer who participated in the arrest and in the investigation of the case. On the testimony of the youthful victim alone the jury would have been justified, even in the absence of expert psychiatric evidence, of finding that appellant was a sexually aberrant person. It would seem to follow also as a matter of course from the testimony of the victim, particularly when it is coupled with the evidence of the officers, that appellant was carrying lewd photographs when arrested, and that he had signed a statement admitting, in substance, the precise immoral acts committed upon the youthful victim. Without question this evidence would have been sufficient to support a conviction for gross indecency.

But the statute with regard to findings of criminal sexual psychopathological conditions (CLS 1956, §§ 780.503, 780.504 [Stat Ann 1954 Rev §§ 28.967(3). 28.967(4)]) clearly contemplates proceedings such as the instant one only in the event that the 3 psychiatrists appointed by the court find that the accused is suffering from a mental disorder, and is not feeble minded, coupled with criminal propensities to the commission of sexual offenses. The testimony of the lay witnesses certainly supports a finding that appellant had criminal propensities to the commission of sexual offenses. But that is not enough. It is also necessary that a mental disorder be found, and if the testimony of the psychiatrists was incompetent there was accordingly no competent evidence before the jury of mental disorder. The admission of the testimony of the 3 psychiatrists over the objection of appellant was prejudicial error in that it permitted and in fact required the use of confidential information obtained by them through the treatment of appellant by one of their number in the private consultations noted above. These

communications by appellant to Dr. Davis were privileged, and the privilege was not waived, even though appellant could have earlier objected to Dr. Davis' inclusion on the panel of psychiatrists.

Reversed and remanded for appropriate proceedings not inconsistent with this opinion.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, EDWARDS, and KAVANAGH, JJ., concurred.