SAUR v PROBES

Docket No. 126181. Submitted April 9, 1991, at Grand Rapids. Decided August 19, 1991, at 9:05 A.M. Leave to appeal sought.

Roger V. Saur brought an action in the Kent Circuit Court against Lawrence R. Probes, M.D., a psychiatrist, alleging medical malpractice as a result of Dr. Probe's disclosure of privileged communications with the plaintiff to another psychiatrist appointed by the Kent County Probate Court to conduct an examination of the plaintiff pursuant to a petition filed by the plaintiff's wife to have the plaintiff involuntarily hospitalized for psychiatric treatment. The court, Dennis C. Kolenda, J., granted summary disposition for the defendant, finding that a cause of action did exist for unauthorized disclosures, but that the disclosures in this case were warranted in order to protect the plaintiff's interests as well as those of the community. The plaintiff appealed.

The Court of Appeals *held:*

A cause of action exists for the psychiatrist's disclosure of privileged communications. While a psychiatrist has a legal duty not to disclose privileged communications, the duty is not absolute. It may be waived voluntarily or by operation of law, and disclosure may be justified by the supervening interests of society, a third party, or the patient. The court erred in granting the defendant summary disposition because reasonable minds could differ with regard to whether the disclosures were reasonably necessary to protect the interests of the plaintiff or others and, thus, the issue should be decided by a jury.

Reversed and remanded.

*H. James Starr,* for the plaintiff.

*Oosterbaan, York, Cooper & Peterson* (by *Wesley L. McPeek*), for the defendant.

Before: Jᴀɴsᴇɴ, P.J., and Mɪᴄʜᴀᴇʟ J. Kᴇʟʟʏ and Bʀᴇɴɴᴀɴ, JJ.

Mɪᴄʜᴀᴇʟ J. Kᴇʟʟʏ, J. This medical malpractice

case presents the issues whether a cause of action exists for a psychiatrist's disclosure of privileged communications and, if such an action exists, whether the disclosures in this case were exempted by statute or justified on the ground of public policy.

Defendant, a psychiatrist, began private consultations with plaintiff in May 1988, with the last session taking place on September 28, 1988. Plaintiff's wife, Nancy Saur, petitioned the Kent County Probate Court on September 30, 1988, to have plaintiff involuntarily hospitalized for psychiatric treatment. The court appointed psychiatrist Curt Cunningham to conduct an examination pursuant to the petition. Dr. Cunningham subsequently contacted defendant regarding the petition, at which time defendant allegedly disclosed communications made to him by plaintiff during the course of their consultations. The probate court eventually dismissed the petition. Plaintiff filed the instant lawsuit, alleging that defendant committed malpractice by disclosing privileged information to Dr. Cunningham.

The parties made opposing motions for summary disposition, and the trial court ruled that a cause of action does exist for unauthorized disclosures, but that the disclosures in this case were warranted in order to protect the interests of the patient, as well as the interest of the community. Plaintiff appeals as of right the trial court's grant of summary disposition in favor of defendant.

I

The first issue presented is whether a cause of action exists for a psychiatrist's disclosure of privileged communications. We hold that such a cause of action does exist.

Professional malpractice involves the breach of a duty owed by one rendering professional services to a person who has contracted for such services. *Rogers v Horvath,* 65 Mich App 644, 646-647; 237 NW2d 595 (1975). Duties owed a patient or client by a professional may arise specifically by mandate of statute, or may arise generally under application of the common law. *Clark v Dalman,* 379 Mich 251, 261; 150 NW2d 755 (1967). Furthermore, conduct contrary to a professional code of responsibility has been declared rebuttable evidence of malpractice. See *Sawabini v Desenberg,* 143 Mich App 373, 385; 372 NW2d 559 (1985), and *Lipton v Boesky,* 110 Mich App 589; 313 NW2d 163 (1981), holding that an attorney's conduct in violation of the Code of Professional Responsibility is rebuttable evidence of legal malpractice.

Plaintiff points to § 750 of the Mental Health Code, MCL 330.1750; MSA 14.800(750), as establishing a civil cause of action for breach of confidentiality. Section 750 restricts the use of privileged communications made to a psychiatrist or psychologist, in civil, criminal, legislative, or administrative cases or proceedings, or in proceedings preliminary to such cases or proceedings, except when the patient has waived the privilege, or in the event of one of several other circumstances set forth in the provision. However, this section addresses evidentiary disclosures and does not create a substantive prohibition of the disclosure of privileged communications. Likewise, the physician-patient privilege established in § 2157 of the Revised Judicature Act,[1] MCL 600.101 *et seq.*; MSA 27A.101 *et seq.*, does not create civil liability

---

[1] A psychiatrist is a "physician," as set forth in the Public Health Code, MCL 333.17001; MSA 14.15(17001) and MCL 333.17501; MSA 14.15(17501). See also *People v Wasker,* 353 Mich 447; 91 NW2d 866 (1958); *People v Plummer,* 37 Mich App 657, 660; 195 NW2d 328 (1972).

for extrajudicial disclosures. But these statutes do exhibit this state's policy of protecting physician-patient confidences absent a superseding public or private interest. See also *Eberle v Savon Food Stores, Inc,* 30 Mich App 496, 499; 186 NW2d 837 (1971). The purpose behind the policy is to encourage free discussion between doctors and their patients. *Drouillard v Metropolitan Life Ins Co,* 107 Mich App 608, 617; 310 NW2d 15 (1981).

Also particularly compelling in favor of recognizing a legal duty to maintain patient confidentiality is this state's medical licensing statute. A person licensed to practice a health profession in this state can come under professional sanction for violation of any of a variety of grounds enumerated in § 16221 of the Public Health Code, MCL 333.1101 *et seq.;* MSA 14.15(1101) *et seq.* Section 16221(e)(ii) of the code defines unprofessional conduct as the "[b]etrayal of a professional confidence." A physician is ethically obligated under the licensing statute not to disclose information obtained through the physician-patient relationship. In light of a psychiatrist's ethical obligation to maintain patient confidences, as well as the state's interest in preserving its policy of protecting physician-patient confidences, we conclude that a legal duty does exist on the part of a psychiatrist not to disclose privileged communications.[2] The duty of confidentiality, however, is not absolute and is subject to several defenses.

## II

First, as with any privilege of confidentiality, it can be voluntarily waived. See, e.g., *Drouillard,*

---

[2] Most other jurisdictions addressing this issue have recognized a similar cause of action. See anno: *Physician's tort liability for unauthorized disclosure of confidential information about patient,* 48 ALR4th 668.

*supra*. Second, the privilege may be waived by operation of law.[3] Third, the disclosure may be justified by the supervening interests of society, a third party, or the patient.

In this case, defendant argues that the breach of confidentiality was exempted by statute and justified under the circumstances. Defendant relies on two statutes allegedly applicable in this case. The first is MCL 330.1750(3)(a); MSA 14.800(750)(3)(a), which provides that privileged communications shall be disclosed upon request:

> When the privileged communication is relevant to a physical or mental condition of the patient that the patient has introduced as an element of the patient's claim or defense in a civil or administrative case or proceeding or that, after the death of the patient, has been introduced as an element of the patient's claim or defense by a party to a civil or administrative case or proceeding.

The communication in this case, however, was not offered in connection with an issue that defendant had introduced as an element of his claim or defense in a civil or administrative proceeding. The communication was offered in connection with an examination ordered by the probate court, following the submission of Nancy Saur's petition to involuntarily hospitalize plaintiff for psychiatric treatment.

The second statute upon which defendant relies

---

[3] See, e.g., MCL 600.2157; MSA 27A.2157; MCL 330.1750; MSA 14.800(750); MCL 330.1946; MSA 14.800(946) (disclosures to warn third parties against threats of physical violence); MCL 333.16244; MSA 14.15(16244) (disclosures to the Department of Licensing and Regulation or appropriate health board); MCL 500.2477; MSA 24.12477 (disclosures to the state Insurance Commissioner); MCL 722.623; MSA 25.248(3) (disclosures of suspected child abuse or neglect to the state Department of Social Services). We note that this list is merely exemplificative and is not exhaustive.

is MCL 330.1748; MSA 14.800(748), which states in pertinent part:

> (1) Information in the record of a recipient, and other information acquired in the course of providing mental health services to a recipient, shall be kept confidential and shall not be open to public inspection. The information may be disclosed outside the department, county community mental health program, or licensed private facility, whichever is the holder of the record, only in the circumstances and under the conditions set forth in this section.
>
> * * *
>
> (6) Information may be disclosed in the discretion of the holder of the record:
>
> * * *
>
> (c) To providers of mental or other health services or a public agency, when there is a compelling need for disclosure based upon a substantial probability of harm to the recipient or other persons.

We find this provision inapplicable because it concerns information in the record of a "recipient," and the plaintiff does not fit the statutory definition of a "recipient." See MCL 330.1700; MSA 14.800(700). Accordingly, we conclude that neither statute asserted by defendant is applicable to the facts of this case.

III

It is next argued by defendant that the extrajudicial disclosures were necessary to protect plaintiff's welfare and the welfare of the community. We agree with defendant that public policy requires that where it is reasonably necessary to protect the interests of the patient or others, a psychiatrist may breach the duty to maintain

patient confidentiality.[4] However, we do not agree with the trial court that defendant was entitled to a judgment on his motion for summary disposition. The issue whether the disclosures were reasonably necessary to protect the interests of plaintiff or others is one for the jury, because the facts are such that reasonable minds could differ. MCR 2.116(C)(10).

Reversed and remanded.

---

[4] The overriding public or private interests to which we refer merely excuse the psychiatrist's breach of duty to maintain confidentiality, and do not impose a new duty upon the psychiatrist or affect any preexisting duties.