McLEAN v McELHANEY

Docket No. 290781. Submitted May 11, 2010, at Marquette. Decided
August 26, 2010, at 9:25 a.m.

Donald and Christine McLean, personal representatives of the
estate of their deceased daughter, Karen McLean, brought a
medical malpractice action in the Chippewa Circuit Court
against Robert B. McElhaney, M.D.; a community mental health
services agency, Hiawatha Behavioral Health; Maureen Phenix,
an employee of Hiawatha; and Samuel W. Harma, the chief
executive officer of Hiawatha. After defendants unsuccessfully
sought summary disposition, Hiawatha, Phenix, and Harma
moved for summary disposition on the grounds of governmental
immunity. The court, Nicholas J. Lambros, J., denied their
summary disposition motion, determining that they could not
invoke the defense of governmental immunity because by
providing mental health services to Karen McLean, they were
providing medical care or treatment to a patient and thus fell
under the "medical care or treatment" exception to governmen-
tal immunity, MCL 691.1407(4). Hiawatha, Phenix, and Harma
appealed.

The Court of Appeals *held*:

1. The trial court correctly concluded that, under the plain
language of MCL 691.1407(4), the exception to governmental immu-
nity is not limited to the care or treatment of physical illness or
disease alone, but includes the care or treatment of mental illness or
disease.

2. For the "medical care or treatment" exception to apply,
the decedent must have been a patient of the defendant. The
trial court correctly determined that Karen McLean had been a
patient of Hiawatha, Phenix, and Harma as required by MCL
691.1407(4). "Patient" includes a person who is under treat-
ment for a behavioral disorder. While Karen McLean was
formally terminated from treatment five weeks before she died,
plaintiffs alleged that she had telephoned and received advice
from Hiawatha's mental health workers between the time of her
formal discharge from treatment and her death and had been
scheduled to begin outpatient treatment. The trial court prop-

erly concluded that the exception to governmental immunity applied to Hiawatha and Phenix.

3. The trial court erred by applying the "medical care or treatment" exception to Harma because plaintiffs did not allege that Harma had provided medical care to the decedent. Because the trial court did not determine whether Harma was entitled to absolute immunity under MCL 691.1407(5) as the highest executive official of the agency or qualified immunity under MCL 691.1407(2), a remand was necessary to allow the trial court to address whether Harma was entitled to immunity under either of those provisions.

Affirmed in part, reversed in part, and remanded.

GOVERNMENTAL IMMUNITY — EXCEPTIONS — MEDICAL CARE OR TREATMENT EXCEPTION — MENTAL ILLNESS OR DISEASE.

The "medical care or treatment" exception to governmental immunity is not limited to the medical care or treatment of physical illness or disease alone, but includes the care or treatment of mental illness or disease (MCL 691.1407[4]).

*White, Clark & Mock* (by *Daniel W. White*) for Donald and Christine McLean.

*Johnson, Rosati, LaBarge, Aseltyne & Field* (by *Christopher J. Johnson* and *Marcelyn A. Stepanski*) for Maureen Phenix, Samuel W. Harma, and Hiawatha Behavioral Health.

Amicus Curiae:

*Cohl, Stoker, Toskey & McGlinchey, P.C.* (by *Bonnie G. Toskey*), and *Allan Falk, P.C.* (by *Allan S. Falk*), for the Michigan Association of Community Mental Health Boards.

Before: WHITBECK, P.J., and SAWYER and BORRELLO, JJ.

BORRELLO, J. This case requires this Court to construe the "medical care or treatment" exception to governmental immunity, MCL 691.1407(4). Defendants appeal as of right the trial court's denial of their motion for

summary disposition. In denying defendants' motion, the trial court concluded that the "medical care or treatment" exception to governmental immunity applied and that plaintiffs' claims against defendants were therefore not barred by governmental immunity. For the reasons set forth in this opinion, we affirm in part, reverse in part, and remand.

## I. FACTS AND PROCEDURAL HISTORY

Plaintiffs filed suit against defendants after the decedent, who was their daughter, died at age 30. Plaintiffs are the decedent's personal representatives. Defendants include Hiawatha Behavioral Health (HBH), a community mental health services agency; Maureen Phenix,[1] a clinical social worker and employee of HBH; and Samuel W. Harma, the chief executive officer of HBH (collectively "defendants"). For approximately 12 years, plaintiffs' decedent had suffered from a variety of mental and physical illnesses, including major depression, bipolar disorder, borderline personality disorder, anorexia nervosa, bulimia, and hypoglycemia. She had also been an alcoholic for about five years and had an extensive psychiatric history that included several suicide attempts. Following her death, plaintiffs filed suit against defendants,[2] asserting that the decedent died "from cardiopulmonary arrest secondary to seizures brought on by her withdrawal from alcohol" after she "unsuccessfully attempt[ed] detoxification without assistance or intervention by health care professionals." Plaintiffs' complaint alleged ordinary negligence, gross negligence, intentional misconduct, and civil conspiracy. The complaint also asserted that defendants

---

[1] Defendant Maureen Phenix died on May 22, 2007.

[2] Plaintiffs' suit also included Robert B. McElhaney, M.D., as a defendant, but he is not part of this appeal.

provided medical care or treatment to patients and therefore, under MCL 691.1407(4), were not immune from liability under the governmental immunity act.

HBH, Phenix, and Harma moved for summary disposition under MCR 2.116(C)(7) and (8).[3] In relevant part, defendants argued that HBH and Phenix were entitled to governmental immunity because they did not provide plaintiffs' decedent with "medical care or treatment" under the "medical care or treatment" exception to governmental immunity, MCL 691.1407(4), and plaintiffs' decedent was not a patient at the time of her death; that Phenix and Harma were not grossly negligent, MCL 691.1407(2)(c); and that Harma was entitled to absolute immunity under MCL 691.1407(5) as the highest executive official of HBH. Defendants also argued that the decedent's own conduct, not their conduct, was the proximate cause of her death.

Plaintiffs argued that defendants were not entitled to governmental immunity because the "medical care or treatment" exception to governmental immunity applied since "medical care or treatment" includes mental health care or treatment. Plaintiffs also argued that because the "medical care or treatment" exception applies to employees or agents of governmental agencies, Harma was not entitled to absolute immunity as the highest executive

---

[3] This was defendants' second motion for summary disposition. Defendants and McElhaney first moved for summary disposition in 2004, arguing that plaintiffs' claims were barred by the statute of limitations. The trial court granted the motion, and this Court affirmed. *McLean v McElhaney*, 269 Mich App 196; 711 NW2d 775 (2005), rev'd 480 Mich 978 (2007). Our Supreme Court held the application for leave to appeal in abeyance pending its decision in *Mullins v St Joseph Mercy Hosp*, 480 Mich 948; 741 NW2d 300 (2007). After *Mullins* was decided, our Supreme Court reversed this Court's opinion and remanded the "case to the Chippewa Circuit Court for entry of an order denying the defendants' motion for summary disposition and for further proceedings not inconsistent with this order and the order in *Mullins*." *McLean*, 480 Mich at 978.

official of HBH under MCL 691.1407(5). Plaintiffs further argued that even if, for some reason, the "medical care or treatment" exception did not apply, Phenix was not immune from suit because her conduct was grossly negligent and her conduct was the proximate cause of the decedent's death.

The trial court denied defendants' motion for summary disposition, ruling that defendants were providing "medical care or treatment" to patients within the exception to governmental immunity and that the decedent was a patient under the exception. The trial court acknowledged that the Legislature "could have been more specific in what they said in this statute," but concluded that mental health care and treatment was included in the exception. Thus, the trial court ruled that defendants did not have governmental immunity. The trial court did not rule on whether Harma was absolutely immune as the highest executive official of HBH or whether Harma and Phenix were grossly negligent. Following the trial court's denial of defendants' motion, Harma moved for reconsideration, and the trial court denied the motion.

## II. STANDARDS OF REVIEW

This case involves the construction of MCL 691.1407(4). This Court reviews de novo the interpretation of a statute. *Manske v Dep't of Treasury*, 282 Mich App 464, 468; 766 NW2d 300 (2009). Similarly, the applicability of governmental immunity is a question of law that this Court reviews de novo. *Herman v Detroit*, 261 Mich App 141, 143; 680 NW2d 71 (2004). Furthermore, we also review de novo a trial court's grant or denial of a motion for summary disposition. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999).

Defendants moved for summary disposition under MCR 2.116(C)(7) and (8). Because the trial court's

statements on the record and in its order denying summary disposition indicate that the basis for its ruling was its determination that the "medical care or treatment" exception to governmental immunity applied, we review the trial court's decision as a denial of defendants' motion under MCR 2.116(C)(7). A trial court may grant a motion for summary disposition under MCR 2.116(C)(7) on the ground that a claim is barred because of immunity granted by law. To survive a motion raised under MCR 2.116(C)(7), the plaintiff must allege specific facts warranting the application of an exception to governmental immunity. *Renny v Dep't of Transp*, 270 Mich App 318, 322; 716 NW2d 1 (2006), rev'd in part on other grounds 478 Mich 490 (2007). "The contents of the complaint are accepted as true unless contradicted by documentation submitted by the movant." *Maiden*, 461 Mich at 119. In deciding a motion brought pursuant to MCR 2.116(C)(7), a court may consider the affidavits, pleadings, depositions, admissions, and other documentary evidence submitted by the parties. MCR 2.116(G)(5); *Holmes v Mich Capital Med Ctr*, 242 Mich App 703, 706; 620 NW2d 319 (2000). If the pleadings or documentary evidence reveal no genuine issues of material fact, the court must decide as a matter of law whether the claim is statutorily barred. *Holmes*, 242 Mich App at 706.

### III. ANALYSIS

#### A. MEDICAL CARE OR TREATMENT EXCEPTION TO GOVERNMENTAL IMMUNITY

The issue in this case is whether the "medical care or treatment" exception to governmental immunity, MCL 691.1407(4), encompasses mental health care or treatment or whether it is limited to care or treatment for physical illness or disease. Resolving this question requires this Court to construe MCL 691.1407(4). The

primary objective in construing a statute is to ascertain and give effect to the Legislature's intent. *People v Williams*, 475 Mich 245, 250; 716 NW2d 208 (2006). If the language of the statute is clear and unambiguous, this Court must presume that the Legislature intended the meaning clearly expressed and enforce it as written; further judicial construction is neither permitted nor required. *Id.*

The governmental immunity act, MCL 691.1401 *et seq.*, provides, in relevant part: "Except as otherwise provided in this act, a governmental agency is immune from tort liability if the governmental agency is engaged in the exercise or discharge of a governmental function." MCL 691.1407(1). The immunity from tort liability provided by the governmental immunity act is expressed in the broadest possible language; it extends to all governmental agencies and applies to all tort liability when governmental agencies are engaged in the exercise or discharge of governmental functions. *Nawrocki v Macomb Co Rd Comm*, 463 Mich 143, 156; 615 NW2d 702 (2000). Further, the exceptions to governmental immunity are to be narrowly construed. *Maskery v Univ of Mich Bd of Regents*, 468 Mich 609, 614; 664 NW2d 165 (2003). Because the statutory exceptions to governmental immunity are to be narrowly construed, this Court must apply a narrow definition of the undefined phrase "medical care or treatment" in MCL 691.1407(4). See *Stanton v Battle Creek*, 466 Mich 611, 618; 647 NW2d 508 (2002).

The "medical care or treatment" exception to governmental immunity provides:

> This act does not grant immunity to a governmental agency or an employee or agent of a governmental agency with respect to providing medical care or treatment to a patient, except medical care or treatment provided to a

patient in a hospital owned or operated by the department
of community health or a hospital owned or operated by the
department of corrections and except care or treatment
provided by an uncompensated search and rescue opera-
tion medical assistant or tactical operation medical assis-
tant. [MCL 691.1407(4).]

In *Briggs v Oakland Co*, 276 Mich App 369, 373-374;
742 NW2d 136 (2007), this Court concluded that the
language in the "medical care or treatment" exception
to governmental immunity was clear and unambiguous,
and therefore the Court declined to examine the legis-
lative history behind the current language of the stat-
ute, which was enacted by a 2000 amendment. 2000 PA
318.[4] We likewise conclude that the language in the
"medical care or treatment" exception is plain and
clear. Therefore, in resolving the issue in this case, we
do not examine legislative history or references to
"medical care or treatment" or similar phrases in other
statutes for guidance in interpreting the exception.[5]
Rather, we simply consider the plain and clear language
of the "medical care or treatment" exception itself.

The plain language of the exception uses the broad
phrase "medical care or treatment" and does not con-
tain any language restricting or limiting the exception
to medical care or treatment of physical illness or
disease alone. If the Legislature had intended to exclude
care or treatment for mental illness or disease from the
exception, it could have done so by specifically limiting
medical care or treatment to care and treatment for
physical disease or illness, by specifically excluding care

---

[4] Although the statute was further amended after 2000, the relevant
language excepting from immunity those "providing medical care or
treatment" has remained unchanged since its adoption in 2000.

[5] Only if "statutory language is ambiguous may we look outside the
statute to ascertain the Legislature's intent." *People v Morey*, 461 Mich
325, 330; 603 NW2d 250 (1999).

and treatment for mental conditions, or by defining "medical care or treatment" in such a manner as to exclude care or treatment of mental conditions. The Legislature did not do so. Our obligation to narrowly construe the "medical care or treatment" exception to governmental immunity does not require this Court to ignore the plain and broad language used by the Legislature or the fact that the Legislature chose not to exclude care or treatment for mental health infirmities. "We 'may read nothing into an unambiguous statute that is not within the manifest intent of the Legislature as derived from the words of the statute itself.'" *Bay Co Prosecutor v Nugent*, 276 Mich App 183, 189; 740 NW2d 678 (2007), quoting *Roberts v Mecosta Co Gen Hosp*, 466 Mich 57, 63; 642 NW2d 663 (2002). The absence of any limiting language in the exception suggests a recognition of the interconnectedness of an individual's physical and mental health, and this Court must not read a limitation into the "medical care or treatment" exception that is not manifest from the plain language of the statute itself. To do so would be tantamount to the establishment of a judicially created exception or limitation to the "medical care or treatment" exception to governmental immunity that does not exist under the plain and clear language of the statute.

There is additional language in the "medical care or treatment" exception that also supports the conclusion that the Legislature did not intend to limit the exception to the care or treatment of physical illness or disease alone. MCL 691.1407(4) contains an exception to the exception, which provides for governmental immunity for "medical care or treatment provided to a patient in a hospital owned or operated by the department of community health . . . ." The website for the Department of Community Health (DCH) indicates that there are three state-operated psychiatric hospi-

tals.[6] This exception to the exception clearly does not apply in this case because there is no dispute that plaintiff's decedent was not a patient in a hospital owned or operated by the DCH at the time of her death. However, the plain language of the exception, by which the Legislature specifically provided for immunity for medical care or treatment provided to a patient in such hospitals, is telling. The Legislature would have been aware that the primary medical care provided by a psychiatric hospital would be mental health care, although the care and treatment of mental illness or disease would in some cases require treatment for physical conditions as well. The fact that the Legislature specifically provided for governmental immunity for patients in psychiatric hospitals owned or operated by the DCH supports the conclusion that the Legislature otherwise intended for the "medical care or treatment" exception to apply to the medical care or treatment of mental disease or illness.

In order for the "medical care or treatment" exception to apply, plaintiffs' decedent must have also been defendants' "patient." MCL 691.1407(4). Relying on *Saur v Probes*, 190 Mich App 636; 476 NW2d 496 (1991), defendants contend that plaintiffs' decedent was a "recipient," not a patient. In *Saur*, this Court held that the plaintiff-patient did not fit into the statutory definition of the term "recipient" in the Mental Health Code, in a prior version of MCL 330.1700.[7] *Saur*, 190 Mich App at 641. However, even if plaintiffs' decedent had fit the current definition

---

[6] See Department of Community Health, State-Operated Psychiatric Hospitals <http://www.michigan.gov/mdch/0,1607,7-132-2941_4868_4896_-14451--,00.html.>

[7] The term "recipient" is now defined in MCL 330.1100c(12). It means, as it did when *Saur* was decided, a person who receives mental health services from a state or community mental health program. 1974 PA 258; MCL 330.1100c(12). Although the *Saur* Court provided no reasoning for

of a "recipient" in the Mental Health Code, this would not have precluded plaintiffs' decedent from also being a "patient" under the "medical care or treatment" exception to governmental immunity. The two are not mutually exclusive. Therefore, we are not persuaded by defendants' reliance on *Saur*.

The term "patient" is not defined in the governmental immunity act. *Stedman's Medical Dictionary* (26th ed) defines the word "patient" as "[o]ne who is suffering from any disease or behavioral disorder and is under treatment for it." This Court may consult dictionary definitions of terms that are not defined by statute. *Woodard v Custer*, 476 Mich 545, 561; 719 NW2d 842 (2006). The definition of the term "patient" in *Stedman's Medical Dictionary* includes a person who is under treatment for a behavioral disorder and supports our holding that the plain language of MCL 691.1407(4) ("medical care or treatment") is broad enough to include the care or treatment of mental illness or disease.

In their complaint, plaintiffs asserted that the decedent was under defendants' care "from on or about January 19, 1996 until December 13, 2000 when treatment services were effectively discontinued although not formally terminated until January 4, 2001." Plaintiffs' decedent died on February 14, 2001, which was after she was formally terminated from treatment with defendants. To survive defendants' motion for summary disposition under MCR 2.116(C)(7), plaintiffs must have alleged facts warranting the application of an exception to governmental immunity. *Renny*, 270 Mich App at 322. Plaintiffs' assertion that defendants' treatment of the decedent was formally terminated on

---

its conclusion, there was no indication that the defendant in that case provided services under contract with the state or a community mental health program.

January 4, 2001, which was approximately five weeks before she died, suggests that decedent was not a "patient" at the time of her death. However, elsewhere in their complaint, plaintiffs asserted that after her treatment was formally terminated, plaintiffs' decedent made more than 50 telephone calls to HBH's crisis intervention workers "seeking emergency counseling for her deepening depression, feelings of hopelessness, eating disorder and alcoholism." During one of these telephone calls, plaintiffs' decedent advised the crisis worker that she was feeling suicidal. The complaint also asserted that employees of HBH "completed or approved an 'Individual Plan of Service' which indicated that [the decedent] suffered from 'major depression and alcohol abuse.' " In addition, plaintiffs' complaint asserted that plaintiffs' decedent was scheduled to begin outpatient therapy for mental illness on February 15, 2001.[8] Under these circumstances, plaintiffs established an issue of fact regarding whether the decedent was a "patient" under MCL 691.1407(4) at the time of her death, notwithstanding their acknowledgement in the complaint that the decedent was formally discharged from treatment on January 4, 2001.[9]

---

[8] Elsewhere in the complaint, plaintiffs asserted that outpatient therapy was scheduled to begin on April 15, 2001.

[9] We observe that the definition of "patient" in *Stedman's Medical Dictionary* does not contain any requirement of a formal arrangement for a person to be considered "under treatment." Furthermore, because of the nature of mental illness and addictions, there is often no discrete event marking a person's recovery from such a condition. Often, recovery is a gradual and lifelong process, marked by progress and setbacks, that requires continuous care and treatment. Although not in the context of a mental illness or addiction, our Supreme Court has recognized that "[p]atients are often discharged from hospitals when their conditions still require active treatment under the daily direction or supervision of a physician." *Tryc v Michigan Veterans' Facility*, 451 Mich 129, 137 n 8; 545 NW2d 642 (1996).

Although we hold that the trial court properly concluded that the "medical care or treatment" exception to governmental immunity includes care and treatment for mental illness or disease and that plaintiffs' decedent was a "patient" under the exception, we hold that the trial court erred by concluding that the exception applied to Harma. While plaintiffs' complaint contains factual allegations that HBH and Phenix provided medical care to plaintiff's decedent, there were no factual allegations that Harma did so. Therefore, while the trial court properly concluded that the "medical care or treatment" exception applied to HBH and Phenix, it erroneously concluded that the exception also applied to Harma.

### B. INDIVIDUAL IMMUNITY

In ruling that the "medical care or treatment" exception applied and that defendants were therefore not immune from liability, the trial court did not rule on whether Harma was individually immune under MCL 691.1407(5) as the chief executive officer of HBH, or whether Harma and Phenix were entitled to individual immunity under MCL 691.1407(2). In light of our holding that the trial court erred by concluding that the "medical care or treatment" exception applied to Harma given the absence of any factual allegations in plaintiffs' complaint that Harma provided medical care or treatment to plaintiffs' decedent, we remand this matter for the trial court to address whether Harma was entitled to absolute immunity under MCL 691.1407(5) or qualified immunity under MCL 691.1407(2).[10] *Odom v Wayne Co*, 482 Mich 459,

---

[10] We note that if the trial court determines that Harma was entitled to absolute immunity under MCL 691.1407(5), it need not also determine whether he was entitled to qualified immunity under MCL 691.1407(2). See *Nalepa v Plymouth-Canton Community Sch Dist*, 207 Mich App 580, 587-589; 525 NW2d 897 (1994), result only aff'd 450 Mich 934 (1995).

479-480; 760 NW2d 217 (2008). However, because the trial court properly concluded that the "medical care or treatment" exception applied to Phenix, there is no need for the trial court to determine whether she was entitled to qualified immunity under MCL 691.1407(2).[11]

Affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion. No taxable costs under MCR 7.219, neither party having prevailed in full. We do not retain jurisdiction.

---

[11] MCL 691.1407(2) applies only in the absence of other applicable statutory provisions. *Grahovac v Munising Twp*, 263 Mich App 589, 597; 689 NW2d 498 (2004).