# STATE OF MICHIGAN

# COURT OF APPEALS

WILLIAM BRANDON,

       Plaintiff-Appellant,

v

DENISE L. HANDELSMAN, D.O.,

       Defendant-Appellee.

UNPUBLISHED
February 23, 2016

No. 324712
Livingston Circuit Court
LC No. 13-027756-NO

Before: O'CONNELL, P.J., and OWENS and BECKERING, JJ.

O'CONNELL, P.J. (*dissenting*).

I respectfully dissent. I agree with the majority's able rendition of the facts and law in the case, but I disagree with the application. I conclude that the claims in this case raise questions of medical judgment beyond the realm of common knowledge and experience. Accordingly, I would affirm the learned trial court's determination that these claims sound in medical malpractice.

> Regarding medical judgment, this Court must determine
>
> whether the claim raises questions of medical judgment requiring expert testimony or, on the other hand, whether it alleges facts within the realm of a jury's common knowledge and experience. If the reasonableness of the health care professionals' action can be evaluated by lay jurors, on the basis of their common knowledge and experience, it is ordinary negligence. If, on the other hand, the reasonableness of the action can be evaluated by a jury only after having been presented the standards of care pertaining to the medical issue before the jury explained by experts, a medical malpractice claim is involved. [*Bryant v Oakpointe Villa Nursing Ctr, Inc*, 471 Mich 411, 419; 684 NW2d 864 (2004).]

Wrongful disclosure of privileged medical information may form the basis of a malpractice action. See *Saur v Probes*, 190 Mich App 636, 637; 476 NW2d 496 (1991).

In this case, the alleged wrongful conduct was defendant's act of recommending to plaintiff's wife a book on borderline personality disorder and breached related confidentiality standards in MCL 600.2157, MCL 333.16221(e)(*ii*), and 45 CFR 165.508(a)(1). Nothing in the record establishes the scope of this duty concerning spouses when (1) both spouses are individually the doctor's patients, and (2) much of the doctor's therapy concerns the effects of

-1-

the patients' behavior on each other. Expert testimony would be necessary to determine whether the book recommendation was an exercise of medical judgment regarding plaintiff's therapy (for instance, if plaintiff's wife understanding plaintiff's condition better would be beneficial to plaintiff's therapy), and, if so, whether disclosing that information breached any standards of confidentiality. Plaintiff's repeated references to defendant's "unprofessional" conduct additionally illustrate that expert testimony would be required. Whether a doctor's conduct is professionally reasonable is not within the realm of common experience of any juror. I conclude that plaintiff's claims implicate questions of medical judgment, regardless of whether they sound in negligence or intentional tort.

I would affirm.

/s/ Peter D. O'Connell