*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

WAYNE FILIZETTI, Personal Representative of
the ESTATE OF AMARAH FILIZETTI and Next
Friend of LAILA FILIZETTI and MELISSA
FILIZETTI, and STACEY FILIZETTI,

      Plaintiffs-Appellees,

V

GWINN AREA COMMUNITY SCHOOLS,

      Defendant/Cross-Plaintiff/Cross-
      Defendant-Appellant,

and

WEST EDUCATIONAL LEASING, INC., doing
business as PROFESSIONAL CONTRACT
MANAGEMENT,

      Defendant,

and

TRACY BELUSAR, ANTHONY J. FILIZETTI,
and ROBERT SOYRING,

      Defendants-Appellants,

and

GWINN AREA CLEANING AND
MAINTENANCE, INC.,

      Defendant/Cross-Defendant/Cross-
      Plaintiff.

UNPUBLISHED
August 27, 2020

No. 344878
Marquette Circuit Court
LC No. 16-054781-NO

-1-

Before: METER, P.J., and O'BRIEN and TUKEL, JJ.

METER, P.J. (*concurring in part and dissenting in part*).

I concur with the majority opinion's well-reasoned analysis concerning the individual defendants-appellants, Tracy Belusar, Anthony J. Filizetti, and Robert Soyring. I dissent, however, from the majority opinion's analysis concerning defendants/cross-plaintiff/cross-defendant-appellant Gwinn Area Community Schools (the school). In my view, the school official's replacement of the panels to cover the alcove opening can only be described as repair or maintenance.

"Absent a statutory exception, a governmental agency is immune from tort liability when it exercises or discharges a governmental function." *Maskery v Board of Regents of Univ of Mich*, 468 Mich 609, 613; 664 NW2d 165 (2003). The statutory exception relevant to this case is the public building exception, which states in part:

> Governmental agencies have the obligation to repair and maintain public buildings under their control when open for use by members of the public. Governmental agencies are liable for bodily injury and property damage resulting from a dangerous or defective condition of a public building if the governmental agency had actual or constructive knowledge of the defect and, for a reasonable time after acquiring knowledge, failed to remedy the condition or to take action reasonably necessary to protect the public against the condition. [MCL 691.1406.]

The statutory exceptions to governmental immunity are to be narrowly construed. *McLean v McElhaney*, 289 Mich App 592, 598; 798 NW2d 29 (2010).

"The public-building exception excludes claims of design defects. Therefore, to avoid governmental immunity, a plaintiff must assert a claim that the defective condition was the result of a failure to repair or maintain." *Tellin v Forsyth Twp*, 291 Mich App 692, 700; 806 NW2d 359 (2011) (footnotes omitted). Our Supreme Court has recognized and explained the distinction between design defects and a failure to repair or maintain:

> The first sentence of MCL 691.1406 states that "[g]overnmental agencies have the obligation to repair and maintain public buildings under their control when open for use by members of the public." This sentence unequivocally establishes the duty of a governmental agency to "repair and maintain" public buildings. Neither the term "repair" nor the term "maintain," which we construe according to their common usage, encompasses a duty to design or redesign the public building in a particular manner. "Design" is defined as "to conceive; invent; contrive." By contrast, "repair" means "to restore to sound condition after damage or injury." Similarly, "maintain" means "to keep up" or "to preserve." Central to the definitions of "repair" and "maintain" is the notion of restoring or returning something, in this case a public building, to a prior state or condition. "Design" refers to the initial conception of the building, rather than its restoration. "Design" and "repair and maintain," then, are unmistakably disparate concepts, and the

-2-

Legislature's sole use of "repair and maintain" unambiguously indicates that it did not intend to include design defect claims within the scope of the public building exception. [*Renny v Dep't of Transp*, 478 Mich 490, 500-501; 734 NW2d 518 (2007) (footnotes omitted).]

A defect caused by the failure to repair or maintain a fixture "is considered to be a condition 'of a public building' within the meaning of [MCL 691.1406]." *Pierce v Lansing*, 265 Mich App 174, 181; 694 NW2d 65 (2005). As the majority discusses, the panels in question are clearly fixtures, and thus are considered part of the school for purposes of the public building exception.

Here, plaintiffs' claim is not premised on a design defect because the alleged defect was not "a dangerous condition inherent in the design itself, such as its characteristics, functioning, and purpose." *Tellin*, 291 Mich App at 705. Instead, the alleged defect was a failure to "restor[e] or return[] something . . . to a prior state or condition." *Renny*, 478 Mich at 501. The panels, in their original state, were secured over the alcove's opening to cover the stage. The panels had been removed from the alcove to allow the stage to be assembled for the school's graduation ceremony. On the date of the accident, the school intended to return the panels to their original state of being secured to the wall. However, the school's staff failed to properly return the panels to their original state, which resulted in a 325-pound panel falling on a small child, resulting in her death. Thus, this case falls squarely within the public building exception.

Because plaintiffs' claim was premised on the school's failure to repair or maintain the panels, I would hold that the public building exception to governmental immunity applies and affirm the trial court's order denying the school's motion for summary disposition.

/s/ Patrick M. Meter