*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JOSHUA WRIGHT, LISA WRIGHT, and PHILLIP WRIGHT,

        Plaintiffs-Appellees,

v

BRANDON J. PATTON, KORY DOMBROWSKI, EDWARD BRANNOCK, TIMOTHY BARR, NZINGA MOORE, LAMONT GIBSON, POLICE OFFICER FREDERICK, SERGE LA VILLE, XHESJAN ZAIMI, PHILIP MATTES, JOSHUA TARRANTS, PHILLIP RODRIGUEZ, EVAN HUMES, KRISHRION SCOTT, QUINTON LINDSAY, MELISSA ADAMS, K. ANDERSON, A. BAKER, A. BALIJA, MOHAMED BARAKAT, VINCENT BASTINE, ANGEL BERMUDEZ, GARY BERRIEN, JAVON BIVINS, V. BORSHCH, KEVIN BRIGGS, E. BROWN, CPL. BROWN, D.C. E. BRYANT, KENNETH BURLEY, CHRISTOPHER BUSH, DANNY CHAMBERS, ALVIN CHERRY, S. CHERRY, EDWARD CLANCY, LT. R. CONNER, CIV. V. COONEY, T. COX, CPL. D. CROSS, HUNOR CSUTAK, MARIO DAVILA, E. DAVIS, DAMON DENARD, LT. DUDA, R. DYAR, A. EARL, A. ELHAGE, EUGENE FIELDER, A.C. C. FITZGERALD, R. FREDERICK, DAVID GARCIA, SGT. S. GEELHOOD, L. GOZIC, SGT. HAIDAR, SGT. HAMPHANICH, R. HAMPTON, SGT. HANUS, K. HOPE, SGT. JACKSON, CIV. R. JOHNSON, SGT. JOVAN JONES, JELANI JONES, RAYMOND KHAMIS, LT. J. KILE, D. KLINE, CPL. P. KNAPP, S. KROPIK, M. LAKE, SGT. KARL LAWSON, JORDAN LEAVY, A.C. D. LEVALLEY, SGT. H. LEWIS, SGT. CHARLES LYNEM, SGT. MACHON, JUSTIN MATTHEWS, RASHEEM

UNPUBLISHED
June 05, 2026
9:12 AM

No. 370968
Wayne Circuit Court
LC No. 22-012932-NZ

MCCLAIN, STEPHEN MERRITT, NATHAN
MILLER, SGT. MIXON, J. MOZAK, RAHAMAN
MUHAMMAD, J. NAPIER, LAMONT NELSON,
CAP. VERNAL NEWSON, RYAN O'CONNELL,
L. PAGE, D. PARTLOW, STEPHEN PETROFF, R.
PIERCE, CAPTAIN PURIFOY, OFFICER RA
AMEN, W. RAYFORD, MORALES REYES,
OFFICER REYNOSO, JR., CLEMONS
RICHARDSON, CIV. ROBERTS, K. ROE,
BAILEY RUMSCHLAG, CPL. L. RUSSELL,
SAMUEL SERRA, CIV. SHAW, DARIUS
SHEPHARD, 1ST CMDR. D. SIMS, CMDR. D.
SZILAGY, CHRISTA R. TOWNS, 2ND CMDR. J.
TUCKER, JR., CHRISTINA VILLEREAL, JOSEPH
S. WEAVER, MATTHEW WEBB, CMDR. A.
WILLIAMS, DEANDRE WILLIAMS, CMDR. K.
WORBOYS, SGT. W. ZEOLLA, J. JONES, SGT. G.
LOCKHART, SHAUGHN MAHONEY, J. JONES,
and A. LEWIS,

                Defendants-Appellants.

Before:  BAZZI, P.J., and RICK and MALDONADO, JJ.

PER CURIAM.

In this action involving the government tort liability act (GTLA), MCL 691.1401 *et seq*., defendants, several individual Detroit police officers, appeal as of right the order denying their motion for summary disposition against plaintiffs, Joshua Wright, Lisa Wright, and Phillip Wright, under MCR 2.116(C)(7) (immunity granted by law) and (8) (failure to state a claim).  We vacate and remand for further proceedings.

## I.  BASIC FACTS AND PROCEDURAL HISTORY

This matter stems from the detention of Lisa and Joshua during a shooting investigation by the Detroit Police Department.  While police officers were searching for the suspect, they approached the front door of the home of Lisa and her husband, Phillip.  At the time, Lisa was home with her grandson, Joshua.  After Joshua opened the front door, he and Lisa were apprehended, taken outside, and handcuffed by police officers.  Defendant Joshua Tarrants, a Detroit police officer, made contact with Lisa on the porch and "throughout her detainment to [the] scout car."  Lisa claimed that she was forced to the ground during her arrest, and Lisa and Joshua were detained for several minutes before their release.  Lisa visited the emergency room later that same night, having developed chest pain.  She was admitted to the hospital for several days.

Plaintiffs filed a 14-count complaint initially naming 11 police officers as defendants.  The 14 counts included: (I) false arrest of Joshua; (II) false arrest of Lisa; (III) false imprisonment of

Lisa; (IV) false imprisonment of Joshua; (V) negligent infliction of emotional distress (NIED) as to Lisa; (VI) NIED as to Joshua; (VII) assault and battery of Lisa; (VIII) assault and battery of Joshua; (IX) intentional infliction of emotional distress (IIED) as to Lisa; (X) gross negligence as to Lisa; (XI) gross negligence as to Joshua; (XII) ultra vires conduct as to Lisa; (XIII) ultra vires conduct as to Joshua; and (XIV) loss of consortium as to Phillip. Plaintiffs requested a judgment against defendants jointly and severally in excess of $20 million. In their first amended complaint, plaintiffs added many more police officers, naming 118 defendants in total.[1]

Defendants moved for summary disposition under MCR 2.116(C)(7) and (8), contending that they were immune from any tort liability under MCL 691.1407(2); that, under the gross-negligence exception to governmental immunity, plaintiffs failed to establish a genuine issue of material fact regarding whether defendants were grossly negligent; that governmental immunity extended to Phillip's loss of consortium claim; and that plaintiffs failed to state an IIED claim.

Following a hearing, the trial court denied defendants' motion. Defendants subsequently moved for reconsideration, asserting they were entitled to good-faith immunity with respect to plaintiffs' intentional tort claims, which the trial court denied. Defendants now appeal.[2]

II. ANALYSIS

Defendants contend they are entitled to governmental immunity regarding the tort claims and Phillip's loss of consortium claim, as well as the intentional tort claims because they acted in good faith. They also argue that plaintiffs failed to state claims of gross negligence and IIED. Because the trial court did not make the necessary determinations to support its denial of summary disposition, we conclude that remand is necessary for the trial court to fully articulate its analysis.

This Court "review[s] de novo a trial court's decision on a motion for summary disposition." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). "De-novo review means that [this Court] review[s] the legal issue independently, without deference to the lower court." *Bowman v Walker*, 340 Mich App 420, 425; 986 NW2d 419 (2022) (quotation marks and citation omitted).

When reviewing a motion for summary disposition on the basis of governmental immunity under MCR 2.116(C)(7), "this Court must consider not only the pleadings, but also any affidavits, depositions, admissions, or other documentary evidence filed or submitted by the parties." *RDM Holdings, LTD v Continental Plastics Co*, 281 Mich App 678, 687; 762 NW2d 529 (2008).

> The contents of the complaint must be accepted as true unless contradicted by the documentary evidence. This Court must consider the documentary evidence in a light most favorable to the nonmoving party. If there is no factual dispute, whether

---

[1] Defendants contend that the majority of the officers named in the first amended complaint were not involved in the case and that several of the named defendants were not served.

[2] Plaintiffs moved this Court to strike defendants' brief on appeal, which we denied. *Wright v Patton*, unpublished order of the Court of Appeals, entered April 22, 2025 (Docket No. 370968).

a plaintiff's claim is barred under a principle set forth in MCR 2.116(C)(7) is a question of law for the court to decide. If a factual dispute exists, however, summary disposition is not appropriate. [*Id*. (citations omitted).]

A motion under MCR 2.116(C)(8) "tests the legal sufficiency of a claim based on the factual allegations in the complaint." *Esurance Prop & Cas Ins Co v Mich Assigned Claims Plan*, 507 Mich 498, 508; 968 NW2d 482 (2021) (quotation marks and citation omitted). "When considering such a motion, a trial court must accept all factual allegations as true, deciding the motion on the pleadings alone. A motion under MCR 2.116(C)(8) may only be granted when a claim is so clearly unenforceable that no factual development could possibly justify recovery." *Id*. (quotation marks and citation omitted). This Court also reviews de novo the "the interpretation of a statute" and "the applicability of governmental immunity." *McLean v McElhaney*, 289 Mich App 592, 596; 798 NW2d 29 (2010).

As an initial matter, although the trial court mentioned the test for determining whether a governmental employee is immune from liability for intentional torts, as explained in *Odom v Wayne Co*, 482 Mich 459, 472-476; 760 NW2d 217 (2008), and *Ross v Consumers Power Co (On Rehearing)*, 420 Mich 567, 633-634; 363 NW2d 641 (1984), superseded by statute as stated in *In re Bradley Estate*, 494 Mich 367; 835 NW2d 545 (2013), defendants did not assert they were entitled to such "good faith immunity" until moving for reconsideration. "Where an issue is first presented in a motion for reconsideration, it is not properly preserved." *Vushaj v Farm Bureau Gen Ins Co of Mich*, 284 Mich App 513, 519; 773 NW2d 758 (2009). Because this issue is unpreserved, we decline to address it. See *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg, LLC*, 347 Mich App 280, 289; 14 NW3d 472 (2023) (noting that this Court has no obligation to consider unpreserved issues in a civil case).

Turning to defendants' argument that they are entitled to immunity with respect to plaintiffs' negligence claims, this matter involves the application of MCL 691.1407(2), which states:

> Except as otherwise provided in this section, and without regard to the discretionary or ministerial nature of the conduct in question, each officer and employee of a governmental agency, each volunteer acting on behalf of a governmental agency, and each member of a board, council, commission, or statutorily created task force of a governmental agency is immune from tort liability for an injury to a person or damage to property caused by the officer, employee, or member while in the course of employment or service . . . if all of the following are met:
>
> (a) The officer, employee, member, or volunteer is acting or reasonably believes he or she is acting within the scope of his or her authority.
>
> (b) The governmental agency is engaged in the exercise or discharge of a governmental function.
>
> (c) The officer's, employee's, member's, or volunteer's conduct does not amount to gross negligence that is the proximate cause of the injury or damage.

"Subsection (2) does not alter the law of intentional torts as it existed before July 7, 1986." MCL 691.1407(3).

In *Odom*, 482 Mich at 470, the Michigan Supreme Court explained that MCL 691.1407(2) included only negligent and not intentional torts. "[T]he Legislature thereby removed immunity for intentional tort liability from the statutory grant of immunity in subsection 2." *Id*. Subsection 3, on the other hand, "indicates the Legislature's intent to *confer immunity* on governmental employees for intentional torts to the same extent allowed under the common law as it existed before July 7, 1986." *Id*. Regarding intentional torts, our Supreme Court's decision in *Ross* "clearly provides governmental employees qualified immunity from intentional-tort liability at common law." *Id*. at 473.

"[G]overnmental immunity for individuals evolved into an affirmative defense under the common law . . . ." *Id*. at 479. "In the GTLA, the Legislature has not abrogated the common law by shifting the burden of proof with regard to governmental immunity for individuals. Accordingly, the burden continues to fall on the governmental employee to raise and prove his entitlement to immunity as an affirmative defense." *Id*.

As stated in *Odom*, 482 Mich at 479-480, because plaintiffs pleaded negligent torts, defendants must satisfy the requirements of MCL 691.1407(2) to be immune from tort liability. Defendants must establish their entitlement to governmental immunity as an affirmative defense. *Ray v Swager*, 501 Mich 52, 62; 903 NW2d 366 (2017). "[U]nder the GTLA, we have held that when assessing whether a governmental employee was the proximate cause of the plaintiff's injuries, a court must determine whether the defendant's conduct was the one most immediate, efficient, and direct cause of the injury[.]" *Id*. at 65 (quotation marks, citation, and footnote omitted). "It is well established that the management, operation, and control of a police department is a governmental function." *Odom*, 482 Mich at 464 n 6 (quotation marks and citation omitted).

In denying defendants' motion for summary disposition, the trial court cited MCL 691.1407(2). It first stated, under MCL 691.1407(2)(a), that it was undisputed that "the officers were acting within their scope as police officers." The trial court continued:

> In viewing this motion, under (C)(7) and (C)(8), the Court finds that the amended complaint is sufficiently pled [sic: pleaded] to avoid governmental immunity, with regards to this claim. Now, there are a number of claims that are intentional torts, false arrest, false imprisonment, assault and battery, [and] intentional infliction of emotional distress. . . . [U]nder Michigan law, governmental employees are immune from liability if they act or reasonably believe they acted within the scope of their employment, engaged in a discharge of governmental function, and if their conduct doesn't amount to gross negligence that was the proximate cause of the injury. So, again, the Court finds that the plaintiff[s] ha[ve] sufficiently pled [sic: pleaded] to overcome . . . the defense of governmental immunity. Now, with regards to the intentional torts, again, governmental immunity applies to intentional torts, under the Michigan law, when the conduct at issue meets . . . the following criteria, and that is the acts were taken during the course of employment and the employees were acting or reasonably believed they were acting within the scope of their authority, the acts . . . were taken in good faith,

and the acts were discretionary as opposed to ministerial. So, clearly, the plaintiffs can go forward with an intentional tort, as long as these criteria have not been met. There's nothing in the motion for summary disposition that addresses these issues so that governmental immunity would apply to intentional torts.

Notably, the trial court determined the first amended complaint was "sufficiently pled [sic: pleaded] to avoid governmental immunity, with regards to this claim." Although the trial court was likely addressing a negligent tort "claim," it did not expressly identify the claim. This was critical because plaintiffs raised the negligent torts of NIED as to Lisa and Joshua as well as gross negligence claims as to Lisa and Joshua.

Moreover, the trial court provided no analysis about whether defendants engaged in the exercise of a governmental function under MCL 691.1407(2)(b), or whether defendants' conduct amounted to gross negligence that was the proximate cause of plaintiffs' alleged injuries under MCL 691.1407(2)(c). Based on the trial court's repeated comments that plaintiffs sufficiently pleaded their claims, it appears that the court only analyzed the motion under MCR 2.116(C)(8) and did not substantively address whether a factual dispute existed or whether defendants were entitled to immunity as a matter of law under MCR 2.116(C)(7). See *RDM Holdings*, 281 Mich App at 687 ("If there is no factual dispute, whether a plaintiff's claim is barred under a principle set forth in MCR 2.116(C)(7) is a question of law for the court to decide. If a factual dispute exists, however, summary disposition is not appropriate.") (citations omitted).

Notably, plaintiffs also alleged defendants engaged in ultra vires conduct as to Lisa and Joshua, yet the trial court did not mention this in its analysis. And with respect to its determination that plaintiffs sufficiently pleaded their claims under MCR 2.116(C)(8), it did not delineate which of plaintiffs' claims it was referring to or conduct an analysis of whether the allegations in plaintiffs' first amended complaint stated a claim. Accordingly, remand is necessary for the trial court to conduct a complete analysis of the negligent torts and whether governmental immunity applies under MCL 691.1407(2). Similarly, to the extent the trial court denied the motion for summary disposition under MCR 2.116(C)(8), the trial court must also completely analyze the first amended complaint and whether the allegations support plaintiffs' gross negligence claims and IIED claim.[3]

Defendants also argue they are immune from liability on Phillip's loss of consortium claim. This issue, however, is abandoned on appeal for lack of adequate briefing. See *Greater Bethesda Healing Springs Ministry v Evangel Builders & Constr Managers, LLC*, 282 Mich App 410, 413; 766 NW2d 874 (2009) ("An appellant may not merely announce its position and leave it to this Court to discover and rationalize the basis for its claims, unravel or elaborate its argument, or

---

[3] The limited record does not put this Court in a position to determine whether defendants acted in a grossly negligent manner. Although the parties cite deposition transcripts on appeal, this Court cannot consider those transcripts because they were not made available in the trial court. See *Sherman v Sea Ray Boats, Inc*, 251 Mich App 41, 56; 649 NW2d 783 (2002) ("This Court's review is limited to the record established by the trial court, and a party may not expand the record on appeal.").

search for authority for its position. Insufficiently briefed issues are deemed abandoned on appeal.") (citations omitted).

Vacated and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Mariam S. Bazzi
/s/ Michelle M. Rick
/s/ Allie Greenleaf Maldonado